## J. D. OGBURN v. KING J. WHITLOW.

### No. 3093.

80　239|
88　224|
80　239|
89　253|

1. **Case Adhered to—Executory and Executed Contract.**—Cooper v. Singleton, 19 Texas, 267, adhered to as to the distinction between executory and executed contracts for the purchase of land when defects of title are set up in defense against the recovery of the purchase money.

2. **Executed Contract for Sale of Land.**—The vendee accepted from the vendor a deed with covenants of warranty. No further assurance was expected or necessary to be made to him. Upon the payment of the purchase money his title will become, under the deed which he holds, full and effective so far as any action of his vendor goes. This is treated as an executed contract, although the vendor's lien was reserved to secure the notes for the unpaid purchase money.

3. **Same—Defense of Failure of Title.**—A purchaser who has gone into possession under a deed with warranty without any notice of a defect in the title may resist the payment of the purchase money by showing his title to be worthless and the existence of a superior outstanding title, and by actual ouster, or what is tantamount to the same, an indisputable superior outstanding title, and that he is liable to be evicted. He must return the possession of the premises and the deed for cancellation. Demaret v. Bennett, 29 Texas, 268; Smith v. Nolen, 21 Texas, 497.

4. **Surrender of Possession.**—In an action upon vendor's lien notes and for foreclosure an answer setting up failure of title for the land for which the notes were given presents no defense when it contains no offer to reconvey the land or restore possession.

APPEAL from Brazoria. Tried below before Hon. Wm. H. Burkhart. The opinion gives a sufficient statement.

*F. J. Duff*, for appellant.—1. The defendant in a suit upon notes given for the purchase money of land having pleaded (1) superior outstanding title, (2) that the contract of sale was executory, (3) that his vendor had given him a deed with full warranty, and further that his vendor (the plaintiff) is a non-resident of the State and insolvent, is not required to plead or show eviction or proceedings for eviction before he can resist or delay the payment of the purchase money until his vendor can make him good title. Tarpley v. Poage, 2 Texas, 139;

Copeland v. Gorman, 19 Texas, 253; Cooper v. Singleton, 19 Texas, 260; Taylor v. Johnson, 19 Texas, 351; Gober v. Hart, 36 Texas, 139.

2. The defendant in a suit upon notes given for the purchase money of land having pleaded superior outstanding title, that the contract of sale was executory, that the plaintiff had given him a deed with full clauses of warranty, that the defect in plaintiff's title was discovered after the contract of sale was made, and that plaintiff is a non-resident and insolvent, is not required to plead or show fraudulent representations made by plaintiff (his vendor) to him relative to the plaintiff's title to the land before he (defendant) can resist or delay the payment of the purchase money. O'Connell v. Duke, 29 Texas, 309; Farenholt v. Perry, 29 Texas, 316; Vardeman v. Lawson, 17 Texas, 16.

The contract of sale was executory. Nass v. Chadwick, 70 Texas, 157.

*J. H. Shapard,* for appellee.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by appellee upon promissory notes executed by the appellant and to enforce a vendor's lien.

The defendant answered admitting the execution of the notes and that they were given for part of the purchase money of the land described in plaintiff's petition. The defendant further pleaded that plaintiff made to him a deed for the land with general warranty and expressly reserving a vendor's lien; that after the delivery of the deed and before the notes matured defendant, through the aid of counsel employed by him to examine the title, discovered that plaintiff's title was defective and so informed him; that plaintiff's title to the land is derived from one Newberry Davenport, in whom it was legally vested; that said Davenport was a resident of the State of New York and died there, leaving a last will which was probated in the courts of that State but which was never recorded in this State; that Lawrence M. Davenport, assuming to act under and by the authority of said will and as executor thereof, executed to one Mamie L. Kolkow a conveyance of a large tract of land, of which the land now in controversy formed a part; that plaintiff's title is derived through the last named conveyance; that defendant gave plaintiff notice of said facts and requested him to take such measures as were necessary to perfect said title as against the heirs at law of said Newberry Davenport, which plaintiff promised he would do; that the estate of Newberry Davenport received in full the benefit of the purchase money paid by said Mamie L. Kolkow, and that the price so paid was the reasonable value of said land; that plaintiff is a non-resident of this State and insolvent.

The defendant alleged the names and places of residence of the heirs of said Newberry Davenport, and prayed that they be made parties and cited to appear. He alleged that he had been informed that the

Davenport heirs intend suing to recover said land. He averred his willingness to pay the notes as soon as the defect in the title should be cured, and prayed that plaintiff be enjoined from enforcing the collection of them until he had perfected the title to the land.

In a supplemental answer the defendant alleged that neither he nor the plaintiff had notice of any defect in the title at the time of the purchase of the land by the defendant, but that plaintiff represented to the defendant that his title was good and defendant relied on the representation.

Plaintiff's petition alleged the loss of one of the notes sued upon, and offered to indemnify the defendant with regard thereto.

The defendant replied that if at all the note was lost before its maturity, that it was negotiable and indorsed in blank by the payee, wherefore plaintiff ought not to recover thereon.

The court sustained plaintiff's exceptions to so much of the answer as set up on outstanding title and prayed that the Davenport heirs be made parties.

Appellant complains of the judgment sustaining the demurrer, and among other things contends that the rule with regard to executory contracts should control, because the deed to him, expressly retaining a vendor's lien, was an executory contract.

While such deeds have been held by this court to be executory for some purposes, we think they should not be so held for all purposes, and that the one now in question should, upon the issue now presented, be treated as an executed contract. The decisions of this court upon the question of the right of the defendant to plead a failure of title when sued for the purchase money of land have recognized distinctions between executed and executory contracts. The distinction is stated as follows in the case of Cooper v. Singleton, 19 Texas, 267:

"The difference between the liabilities of the vendee under an executory and executed contract is this: That in the former he should be relieved by showing defect of title, unless on proof by the vendor that this was known at the sale and it was understood that such title should be taken as the vendor could give. In the latter the vendee should establish beyond doubt that the title was a failure in whole or in part; that there was danger of eviction, and also such circumstances as would *prima facie* repel the presumption that at the time of the purchase he knew and intended to run the risk of the defect." ·

In the case before us the defendant accepted a deed with covenants of warranty, and he has them to rely upon in the event of the failure of his title. No further conveyance or assurance is expected or necessary to be made to him. Upon the payment of the purchase money his title will become, under the deed which he holds, full and effective so far as any action of his vendor goes.

We think that every substantial reason that has ever been assigned for making a distinction between executed and executory sales of land as affecting the issue now on trial may be applied to the deed from plaintiff to defendant, so as to require it to be treated as an executed rather than an executory contract. Treating it as an executed contract, the following language used in the case of Demaret v. Bennett, 29 Texas, 268, is applicable: "A purchaser who has gone into possession under a deed with warranty without any notice of a defect in the title may resist the payment of the purchase money by showing his title to be worthless and the existence of a superior outstanding title, by actual ouster, or what is tantamount to the same, an indisputable superior outstanding title, and that he is liable to be evicted. He must return the possession of the premises and the deed for cancellation. Smith v. Nolen, 21 Texas, 497."

The answer in the case before us contains no offer to reconvey the land or restore its possession to the vendor. As for these omissions the answer was subject to the demurrer, we deem it unnecessary to consider other grounds upon which it is contended it is defective.

The judgment is affirmed.

*Affirmed.*

Delivered March 3, 1891.