### TOM K. BLEWITT v. F. M. GREENE.

Decided November 19, 1909.

**1.—Pleading—Supplemental Answer.**

The office of a supplemental answer is not to supply allegations which should have formed a part of the original answer, but to reply to new matter in avoidance thereof set up in a supplemental petition. So far as it attempts the former object it is subject to exception.

**2.—Vendor's Lien—Failure of Title—Executed Contract—Pleading.**

A deed, though reserving an express lien for purchase money notes, is an executed contract, so far as concerns the right of the vendee to avoid payment by reason of failure of title. A plea setting up such defense must show, not merely that the title of the vendor apparent of record was imperfect, but that the superior title was in another and the vendee liable to eviction, and that he had not undertaken to accept an imperfect title in reliance on the warranty of his grantor.

**3.—Same—Contract for Title Good of Record.**

Though the vendee might defend against payment of purchase money on failure of the vendor to furnish abstracts showing good title in himself by the records, which defense he had plead, no error in this respect appeared from sustaining exceptions to a further and insufficient plea by him of actual failure of title. Error in disallowing the former defense must be based on the rulings on that issue, such as the rejection of evidence offered to sustain it.

Appeal from the District Court of Cass County. Tried below before Hon. P. A. Turner.

*O'Neal & Figures,* for appellant.—A note given as purchase money for land can be defeated when the title to the land fails, and a plea of failure of consideration is a complete answer to a suit on such note. Appellant's amended and supplemental answer sets out fully a failure of consideration and a meritorious defense. Taul v. Bradford, 20 Texas, 264; Hurt v. McReynolds, 20 Texas, 595; Littlefield v. Tinsley, 22 Texas, 260, 26 Texas, 353, 11 Cyc., 1064; Cooper v. Singleton, 19 Texas, 260.

*O'Neal & Allday,* for appellee.—The court did not err in sustaining the plaintiff's special exception to that portion of appellant's answer setting up an outstanding title, because before appellant, who is in possession of the lands under a deed with warranty conveying the land to him, in order to defend on the ground that the title to the land has failed, must allege and prove that, beyond doubt, the title has failed in whole or in part, that there is danger of eviction, and also such circumstances as would *prima facie* repel the presumption that at the time of the purchase he knew and intended to run the risk of the defect. Haraldson v. Langford, 66 Texas, 113; Johnson v. Long, 27 Texas, 21; De Steaguer v. Pittman, 117 S. W., 481.

o

The court did not err in sustaining the plaintiff's first special exception to the defendant's first supplemental answer; the defendant can not set up an outstanding title by supplemental answer, but must answer the plaintiff's original petition by an original answer and amended original answers. Strain & Swinburn v. Building Company, 80 Texas, 622; McCrary v. Gains, 55 Texas, 485; Howard & Hume v. Windon, 86 Texas, 560.

HODGES, Associate Justice.—On the ninth day of January, 1909, the appellee filed this suit against the appellant to recover the sum of $1,500 due on a promissory note executed by the appellant as a part of the purchase money of certain described tracts of land theretofore conveyed to him by the appellee. The petition sought a foreclosure of the vendor's lien on the lands conveyed, as well as a personal judgment. The appellant answered by a general demurrer, general denial, and, among other special defenses, the following: "And further specially answering the plaintiff's petition and cause of action, says that the note sued on herein was executed by defendant to plaintiff in part consideration for the purchase money for the lands described in plaintiff's petition, and that plaintiff warranted the title to said lands, and agreed to furnish this defendant with abstracts of title to said lands showing a complete and perfect record title to all of said lands in the plaintiff, but to the contrary said abstracts, as well as the records of Cass County, Texas, shows that plaintiff did not have or own a complete and perfect title to said lands which he agreed to convey to this defendant, and that the titles to said lands has failed, and that, therefore, the consideration for the execution and delivery of said note herein sued on to the plaintiff by this defendant has wholly failed, and plaintiff is not entitled to recover thereon against this defendant." The appellee filed a supplemental petition in reply to the appellant's answer, in which he "excepts specially to that portion of defendant's answer wherein the defendant avers that the title to said lands has failed, in that defendant fails to aver in what way the title had failed and in whom, if any one, the outstanding title is vested." Other matters of fact were also pleaded, not necessary here to notice. This exception was sustained by the court; and thereafter the appellant filed what is termed his "first supplemental answer," which sets up substantially the following defenses: (1) That the land was originally conveyed to Jane Ritchie in 1842, and there was nothing of record to show that she had conveyed any part of the land to any one, and the record did not show who were her heirs; (2) that the records of Cass County show that William Ritchie and wife conveyed 588 acres of the Jane Ritchie survey, beginning at a designated point, but there was nothing to show that the 95 acres involved in this suit was a part of that land; also that the deed from Ritchie and wife was irregular and void because the certificate of the officer failed to show that the parties were known to him or their identity proved to the officer; (3) because the abstract of title and the records of Cass County failed to show any conveyances from J. B. McReynolds to A. B. Hinckle and wife, or any other person; (4) because the abstract of title and the records of Cass County show that Hinckle and wife attempted to au-

thorize one McReynolds by power of attorney to convey the land, and that this is void because a married woman can not convey land by power of attorney; (5) because it is shown by the abstract of title and the records of Cass County that in the conveyance of the land by J. L. White to Lee Smith in 1884 it appears that there were two vendor's lien notes, each for the sum of $417.75, which do not appear to have been paid; (6) that the records show in the conveyance from L. C. Smith to J. L. Endsley, in 1900, that there is a vendor's lien note for $800; (7) because the abstract of title and the records show that in the conveyance from J. L. Endsley and wife to B. J. and M. D. Dodson, December, 1901, the conveyance recites a vendor's lien for two purchase-money notes which do not appear from the records to be paid; (8) that the records do not show that J. M. McReynolds ever conveyed the land to any one. In reply to this the appellee filed his second supplemental petition, in which he renewed his special exceptions to the amended original answer, and further specially excepted to this additional pleading, for the following reasons: (1) Because it was an attempt to plead an outstanding title to the lands in controversy by a supplemental answer, and not as an answer to the original petition; (2) because it attempts to plead that the title to 95 acres of the Jane Ritchie survey is outstanding as set out in the various paragraphs mentioned, but nowhere alleges in whom the title is outstanding or in what particular the title has failed; (3) because it shows no defense to the cause of action. The court sustained the exceptions. The case was tried upon the remaining pleadings, resulting in a judgment for the appellee.

The complaint is that the court erred in sustaining appellee's special and general demurrers to the appellant's amended and supplemental answers. The first paragraph of the appellant's special answer sets up the fact that at the time he agreed to purchase the land he was ignorant of the appellee's title, but was assured by the latter that he owned a complete and perfect record title, and would at once furnish appellant a full and complete abstract showing complete record title, certified to by certain named attorneys. He charges that appellee failed to do this, but had furnished him an abstract not certified to, and one which showed that he did not have a good title to the lands conveyed. In the second paragraph of the special answer appears the language quoted, a portion of which was excepted to. It is evidently the latter part of the second paragraph to which the exception is directed—that portion which avers that the title had failed. It is not clear, from the peculiar construction of the sentence as it appears in the record, whether appellant intended to allege a failure of title or that the records and abstract *show* a failure of title. It seems that counsel for appellee, and the court, construed the language used as an averment of the failure of title, and so treated it in their exception and in the judgment entered thereon. In either event, we think the court properly sustained the exception. If we regard the instrument denominated the "first supplemental answer" as a supplemental answer and as containing allegations of new matter not embraced in the original answer, then it was properly stricken out by the court on objection made. The office of a supplemental answer is not to supply

matter which should have formed a part of the original answer, but is restricted to replies to what may have been embraced in the supplemental petition of the plaintiff. It can not be made to serve the purpose of aiding the defective statement of the defenses set up in the original answer, or to add new matter which could only be available against the cause of action as stated in the original petition. Townes on Pleading, 306-309. This instrument begins as follows: "Now comes the defendant, Tom K. Blewitt, with leave of the court first had and obtained, and files this his first supplemental answer in reply to the plaintiff's special exception to defendant's first amended original answer filed herein on the 3d day of February, 1909, and says," etc., and then proceeds with the specific allegations hereinbefore mentioned. Nowhere else is there any language employed that would convey the impression that this pleading was intended as a reply to the allegations contained in the plaintiff's supplemental petition; nor are the facts stated such as might be construed as having been intended for that purpose. They could in no sense be regarded as replying to the averments of fact set up in the plaintiff's first supplemental pleading. There could be no occasion for the appellant to reply to the legal objections stated in the appellee's exception; and since this instrument does not purport to do more, we must regard it either as a trial amendment intended to meet the objections urged in the first exception or as a second amended original answer intended to supersede the first amended original answer. To give it the latter character would place the appellant in the attitude of having abandoned the defenses contained in the preceding answer, including his general denial, and the grounds upon which he sought affirmative relief. If it be treated as a trial amendment, which is the more liberal view, then it must be regarded as intended to meet the objections urged in the special exception and by the court sustained. It is immaterial whether it be considered an effort to plead a failure of title, or to state that the records show such a failure, as in either event it would be stating matter insufficient as a defense in this suit. The right of the vendee, in sales of real estate, to defeat the collection of the purchase money by showing the existence of a superior outstanding title, is sustained upon principles of equity. The courts proceed upon the ground that it would be inequitable to compel the vendee to pay the purchase money for land to which he was obtaining no title. Rancho Bonito Land & L. S. Co. v. North, 92 Texas, 75, 45 S. W., 995. The rule seems to be that where the vendee holds under an executed contract of conveyance he should show with reasonable certainty that there has been a failure of title in whole or in part; that there was danger of eviction; and also such facts as would *prima facie* repel the presumption that at the time of purchase he knew and intended to assume the risk of the defect. Cooper v. Singleton, 19 Texas, 261; Luckie v. McGlasson, 22 Texas, 283; Tarpley v. Poage, 2 Texas, 139; Haralson v. Langford, 66 Texas, 113, 18 S. W., 339; Ogburn v. Whitlow, 80 Texas, 239, 15 S. W., 807; Groesbeck v. Harris, 82 Texas, 416, 19 S. W., 850; Woodward v. Rodgers, 20 Texas, 176. The conveyance under which the appellant acquired the land in controversy is an executed contract within the meaning of this rule, for the pur-

pose of determining what defenses he may set up in an action to recover the purchase-money. Ogburn v. Whitlow, 80 Texas, 239, 15 S. W., 807; Carey v. Starr, 93 Texas, 515, 56 S. W., 325; Brown v. Montgomery, 89 Texas, 250, 34 S. W., 443. Nowhere does the appellant allege that there is an outstanding title, nor does he deny that the appellee had a good and perfect title. Neither does he attempt to aver any facts which would indicate that he was in danger of eviction. Stating what the records of Cass County show with reference to the appellee's title is not the legal equivalent to a positive averment that he has no title, or that his title is defective or imperfect. The record may furnish evidence of those facts from which a jury might conclude that the title had failed, or was bad, but such evidence when offered would not be conclusive. The appellee might have a perfect title and still the records fail to show it. The pleading of what the records show is therefore merely a statement of what might be received as evidence, and not the averment of the essential facts necessary to be proved by evidence.

We do not wish to be understood as holding that where the vendor contracted, as one of the conditions upon which payment was to be made, that he would furnish to the vendee a complete and perfect record title to the property, that a failure to do so would not be a good defense. That question is not here involved. That part of the appellant's answer which sets up the failure to furnish an abstract showing a good and perfect title was not disturbed by the exceptions sustained. The judgment of the court sustaining the exception should be construed as going no further than the exception itself. If appellant was deprived of the privilege of showing a failure to perform this alleged promise, by the exclusion of germane testimony offered for that purpose, the error, if any, was in the refusal to permit the introduction of the testimony, and not in sustaining the exceptions mentioned. No complaint has been made of any such rulings.

We do not think the court erred in overruling the application for a continuance. The judgment of the District Court is therefore affirmed.

*Affirmed.*