## WESTERVELT v. MEULY.　(No. 6279.)

(Court of Civil Appeals of Texas.　San Antonio. Nov. 19, 1919.　Rehearing Denied Dec. 17, 1919.)

1. NAVIGABLE WATERS ☞46(3) — CONSTRUCTION OF CONVEYANCE OF RIPARIAN RIGHTS.

A deed conveying "all that certain accretion, alluvian and riparian right" east of a described lot, consisting of "a width of fifty feet," and extending into the waters of a bay, together with a War Department permit issued to vendor, granting the right to fill in the riparian right conveyed, and to erect whatever the grantee desired, so long as the buildings or filling-in did not become an unreasonable obstruction to navigation, even when construed in connection with a mortgage by vendor to secure damages for breach of warranty by vendor within three years, *held* not to convey title to the fee of the submerged land, but merely a right in vendee to fill in and acquire title from the state in himself.

2. COVENANTS ☞102(1)—BREACH OF WARRANTY; NECESSITY OF EVICTION.

Where a vendor of a riparian right does not warrant title to the submerged land, but merely the title and right necessary to acquisition of title by the purchaser, it being conceded that title to the fee is in the state, no recovery by the purchaser can be had for breach of warranty in the absence of any evidence of eviction or threatened suit by the state.

3. COVENANTS ☞122—FRAUD ☞58(1)—EVIDENCE OF DAMAGES IN ACTION FOR FRAUD.

In counterclaim for damages for breach of warranty and fraudulent representations in a sale of riparian rights, evidence that 95 per cent. of the land sold was submerged and 5 per cent. not submerged did not afford any basis for estimating damages, as there could be no presumption that the unsubmerged land was worth only 5 per cent. of the purchase price, as a basis for estimating damages.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

---

Action by A. H. Meuly against E. C. Westervelt, with cross-action by defendant against plaintiff. From a judgment for plaintiff and a denial of relief to defendant, defendant appeals. Affirmed.

E. P. Scott and J. D. Todd, both of Corpus Christi, for appellant.

E. B. Ward, of Corpus Christi, for appellee.

MOURSUND, J. Appellee sued appellant upon a promissory note for $1,500 and to foreclose a vendor's lien retained to secure the payment thereof. Appellant sought to cancel the note and to recover $2,000 out of $2,500 paid by him for the premises, alleging that the title had been warranted and that appellee only had title to a small part of the premises described in the deed, which part was alleged to be worth $500. He also alleged that certain representations had been fraudulently made to him concerning his ownership which were relied on by appellant and induced him to make the trade.

He also sued upon an instrument of even date with said deed, whereby appellee bound himself to pay $4,000 to appellant as damages, if there was a breach within three years of the warranties made in said deed, which were undertaken to be described. By such instrument a mortgage lien was created upon certain real estate to secure the payment of said sum if it became payable under the conditions thereof, and appellant sought a foreclosure of such lien.

By supplemental petition appellee alleged that the matters set out in the answer as a defense and as ground for affirmative relief had been fully adjudicated, and the title conveyed sustained, and further that appellant accepted the property conveyed in said deed with full knowledge of all the facts as to the condition and location of the land.

The judgment, rendered upon an instructed verdict, awarded the appellee what he sued for, and denied the appellant any relief.

The property and rights conveyed are described in the deed as follows:

"All that certain accretion, alluvian and riparian right, east of lot numbered six (6), in water block numbered three (3), situated in the beach part of the city of Corpus Christi, in the county of Nueces, state of Texas, which said accretions, alluvian and riparian rights were acquired by me by virtue of a warranty deed from S. W. Rankin, a member of the Corpus Christi City & Land Company and which said deed of conveyance from S. W. Rankin is of record in the county clerk's office in the deed records of Nueces county, Texas; the accretions, alluvian and riparian rights herein vended consist of a width of fifty feet and extend out into the waters of Corpus Christi Bay, it being understood however that the property corner of the rights herein conveyed begin at the northeast corner of lot number six in said block numbered three in the Beach part of the city of Corpus Christi, Texas; also that the permit given by the United States War Department to the vendor herein is hereby included in the rights herein vended and transferred to the said E. C. Westervelt, granting to the said E. C. Westervelt the right to fill in the said riparian right herein conveyed, but under the regulations stipulated in said United States War Department permit, and to erect thereon along the right herein conveyed whatsoever the said E. C. Westervelt may desire to erect thereon so long as such building, or buildings, or filling-in does not become an unreasonable obstruction to the free navigation of the waters of Corpus Christi Bay; all of which rights granted to me under the said United States War Department permit are herein and hereby conveyed unto the said E. C. Westervelt."

This description is easily understood when considered in connection with the evidence showing that at the time of the making of the deed, as appellant well knew, there was situated east of lot 6, block 3, only the small portion of land described in plaintiff's petition. It is evident that, as to the submerged land, the parties only contemplated, and there was conveyed, only, the right to fill in such land under a certain permit. It is recited that under such permit appellant may erect along the "right herein conveyed" whatsoever he may desire so long as "such buildings, or filling-in, does not become an unreasonable obstruction to the free navigation of the waters of the bay." This language is inconsistent with any intention to convey title to the fee in the submerged land. As we understand appellant's contentions, he does not claim that he has shown any failure of title if the deed alone is looked to, but contends that descriptive matter contained in the mortgage should be considered in connection with the deed, and that, when the two instruments are considered together, it becomes plain that the title is warranted to a strip of submerged land 1,000 feet long. There are expressions in the mortgage which, taken alone, tend to support such contention; but these result from inaccurate statements of the provisions of the deed. On the other hand, the instrument discloses that it is the purpose of the grantee in the deed to fill in and reclaim the submerged land and assert ownership therein, and that the grantor obligates himself to guarantee and warrant such title and all rights and steps necessary for "the full acquisition thereof."

The distinction between the land conveyed and the riparian rights and rights given by the permit is disclosed throughout the instrument, and it was evidently contemplated that three years would be a sufficient time within which appellant could fill in the submerged land, and thus fully acquire the same.

[1] We conclude that, if the mortgage and deed are construed together, it still must be held that there was no warranty of title to

any submerged land, and that, even if it be conceded that the fee to such land is in the state, there has been no breach of warranty.

[2] The evidence fails to show any eviction or threatened suit by the state. It therefore appears that no recovery can be had in an action at law for breach of warranty. Rancho Bonita Land Co. v. North, 92 Tex. 72, 45 S. W. 994; Blewitt v. Greene, 57 Tex. Civ. App. 588, 122 S. W. 914.

[3] In so far as appellant pleads an equitable action, alleging fraudulent representations, the court did not err in refusing to submit issues to the jury for the reason that there was no proof of any such damages as are recoverable in actions of that kind. The proof that 95 per cent. of the land is submerged and 5 per cent. not submerged, affords no basis for any estimate, either under the measure of damages applicable in fraud cases or in cases of breach of warranty. George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804; Hynes v. Packard, 92 Tex. 44, 45 S. W. 562; Northcutt v. Hume, 174 S. W. 974. No presumption can be indulged that the unsubmerged land was worth only 5 per cent. of the purchase price.

So far as the action upon the obligations of the mortgage is concerned, it appearing that appellee had for the length of time stipulated in the mortgage complied with his obligations, the appellant was clearly not entitled to recover the penalty therein provided.

Judgment affirmed.