HILL et al. v. PROVINE et al. (No. 1573.)

(Court of Civil Appeals of Texas. El Paso. March 13, 1924. Rehearing Denied April 10, 1924.)

1. **Mines and minerals ⬡74—Breach of collateral agreement to write opinion as to title to land held no defense to note.**

Agreement of one of the sellers of an oil lease to write an opinion on the title of the land, made after assignment of the lease and delivery of the note and conclusion of the trade, *held* no part of the consideration of the note, but a collateral and subsequent agreement, made without consideration for maker's accommodation and failure to comply therewith by seller, afforded no defense to the note.

2. **Evidence ⬡413—Evidence of notice given of outstanding liens inadmissible to defeat liability on covenant against incumbrances by assignor of lease.**

Where assignor of an oil lease covenanted against incumbrances, in action on notes given for the lease, evidence of assignor and his privies that before he conveyed he advised assignees of outstanding liens was inadmissible to defeat any liability on the covenant.

3. **Evidence ⬡434(5)—Evidence of outstanding liens held admissible to rebut fraud alleged.**

Where assignor of an oil lease covenanted against incumbrances, in his action on notes given for the lease, evidence of assignor and his privies that before he conveyed he advised assignees of outstanding liens on the land was admissible in rebuttal of the issue of fraud presented by assignees.

4. **Cancellation of instruments ⬡15—Vendor and purchaser ⬡307 — Remedy for mere breach of covenant is at law for damages; damages from breach of covenant defense to action on purchase-money notes.**

In case of an executed conveyance, the remedy for mere breach of covenant, unaccompanied by equitable grounds of rescission, is not the equitable one of rescission, but is at law for damages, and in proper case can be set up in bar of purchase-money notes.

5. **Covenants ⬡96(1) — No right of action for breach of covenant against incumbrances till assignees were dispossessed or had discharged incumbrances.**

Where, in assignment of an oil lease, covenant against incumbrances was technically broken when made, no right of action arose thereon, until assignees had been dispossessed by foreclosure or had been compelled in protection of their estate to discharge incumbrances.

6. **Mines and minerals ⬡74—Presumption obtains that assignees of lease assumed risk incident to liens and relied on warranty.**

Where assignor of an oil lease covenanted against incumbrances, and after execution, on examination of abstract, assignees were informed as to purchase-money liens, having accepted the conveyance with the covenant against incumbrances, the presumption obtains that they intended to assume the risk incident to the liens and rely on warranty, and in action on notes given for purchase of the lease it became their duty to rebut such presumption.

7. **Mines and minerals ⬡74—No right of action established for breach of covenant which defeated purchase-money note.**

Where assignees of an oil lease learned shortly after execution that covenant against incumbrances was broken, but continued to claim under the assignment to them, in assignor's action on purchase-money notes, not having been dispossessed nor compelled to pay the incumbrances to protect their lease, no right of action for breach of covenant was established by assignees to defeat the note.

8. **Acknowledgment ⬡16—Alleged incompetency of notary to take acknowledgment held not to affect assignment of lease.**

Acts 36th Leg. (1919) 2d Called Sess. c. 81, § 2 (Vernon's Ann. Civ. St. Supp. 1922, art. 5904o17), contains no provision for recording and filing assignments of oil leases such as is required by Acts 35th Leg. (1917) c. 83, § 18 (Vernon's Ann. Civ. St. Supp. 1918, art. 5904r), and requirements of the latter section as to recordation, claimed to be made applicable by section 19 of the later act, if applicable would not affect the assignment of a lease claimed to be void because of incompetency of the notary to take acknowledgment, where his incompetency was not apparent on the face of the assignment.

Appeal from District Court, Culberson County; W. D. Howe, Judge.

Action by J. F. Provine and others against C. S. Hill and J. D. Campbell. Judgment for plaintiffs, and defendants appeal. Affirmed.

Burges & Burges, of El Paso, for appellants.

Lea, McGrady, Thomason & Edwards, of El Paso, for appellees.

HIGGINS, J. The appellees J. F. Provine, W. D. Garren, and J. C. Hunter brought this suit against the appellants C. S. Hill and J. D. Campbell, to recover upon the latter's promissory note dated May 8, 1920, in the sum of $2,549.06, to the order of Hunter. Upon the back of the note is an indorsement by Hunter that it belonged to Provine, Garren, and himself, each owning a one-third interest.

The defendants answered, in substance, as follows: That on May 8, 1920, Hunter executed and delivered to defendants a conveyance of an oil and gas lease upon certain

lands in consideration of the payment of $679.-88 in cash and the execution of the note sued upon; that at the time Hunter orally and in writing represented to them that said land was free and clear of incumbrances and liens, but in fact same was incumbered by lien in favor of the state to secure purchase money in the sum of $3,758.08, and further incumbered by a vendor's lien in the sum of $9,-326 in favor of W. C. Thompson upon purchase-money notes executed by R. L. Gray under whom Hunter deraigned title; that at the time they had no knowledge of these outstanding liens, and in purchasing they relied upon the said representations; that by reason of such liens the lease was of no value and unmarketable, wherefore the consideration for the note had failed; that they had offered to rescind but Hunter refused.

It was also alleged that at the time the assignment and note was executed Hunter agreed to give defendants a number of copies of his opinion upon the title to aid them in disposing of the lease, and Hunter unreasonably delayed furnishing such opinion until the following September, when the demand for oil and gas leases in that section had ceased and the lease had become worthless, wherefore the consideration for the note had failed.

By a trial amendment defendants also set up that at the time the lease was conveyed to them the plaintiff Provine was county clerk of Culberson county, where the land is situate, and was jointly interested as an owner of the lease with Hunter; that Hunter's acknowledgment to the conveyance was taken by Provine, wherefore the record of the conveyance was illegal and void, and they had been deprived of their right to have their title properly recorded, wherefore they were entitled to rescind.

Plaintiffs filed a supplemental petition meeting the defendants' answer. Its contents need not be stated, as no point is made respecting its sufficiency to meet the issues in the case.

[1] Upon the issues made respecting Hunter's promise to furnish an opinion upon the title, the court made this finding:

"Upon the date of said assignment made by Hunter to defendants, to wit, May 8, 1920, but after the same had been delivered and the note and other consideration therefor delivered and the trade between the parties concluded, the plaintiff Hunter, in order to aid defendants in selling their oil and gas rights which they had secured through such assignment, promised to write out an opinion upon the title to said land and oil and gas lease, as the same appeared in the abstract of title, and to furnish several copies thereof to defendants as soon as he could conveniently do so, and he was to make no charge therefor. The said Hunter did later write out such opinion and furnish defendants several copies thereof; but he did not send the same to defendants until the first part of September, 1920, and his delay in not sooner furnishing such opinion I find from the evidence to have been an unreasonable delay and attributable to negligence upon his part. However, the evidence does not show that the defendants were on that account prevented from making any sales or assignments which they might otherwise have done, and it does not appear that the defendants were in fact damaged by the failure of said Hunter to act more promptly in said matter, except that by the time the opinions were received there was no further demand for that character of lease."

This finding shows that the agreement of Hunter constituted no part of the consideration for the note sued upon; that it was a collateral and subsequent agreement, made without consideration and for the accommodation of the defendants. Under such circumstances Hunter's failure to comply therewith affords no defense to the note.

[2, 3] The conveyance by Hunter to appellants provides:

"And for the same consideration, the undersigned for himself and his heirs, successors, and representatives does covenant with the said assignees, their heirs, successors, or assigns, that he is the lawful owner of the said lease and rights and interests thereunder and of the personal property thereon or used in connection therewith; that the undersigned has good right and authority to sell and convey the same, and that said rights, interest, and property are free and clear from all liens and incumbrances, and that all rentals and royalties due and payable thereunder have been duly paid."

Appellants complain of the admission of the testimony of Hunter, Provine, and the witness Neill, that at and before the execution by Hunter of the conveyance he advised appellants of the outstanding liens upon the land in favor of the state and Thomson. The ground of the objection to the evidence was that it undertook to vary and contradict by parol the warranty contained in the conveyance.

Such evidence was not admissible for the purpose of defeating any liability upon the covenant, but it was clearly so in rebuttal of the issue of fraud presented by appellants' pleadings and evidence. Biggs v. Doak, 259 S. W. 665, recently decided by this court.

[4] Passing to that phase of the case relating to the liability of Hunter upon the covenant against incumbrances and appellants' rights thereunder, we are not altogether sure of the nature of the right asserted and relief sought by appellants; that is, to say, whether they seek to rescind because of an alleged breach of the covenant arising out of the existence of liens, or to set up a failure of consideration or a counterclaim in set-off. But under the facts shown they are not entitled to relief upon either view.

The conveyance by Hunter was an executed one. In the case of an executed conveyance, the remedy for mere breach of covenant, unaccompanied by equitable grounds

                              (260 S.W.)

for rescission, is not the equitable one of rescission, but is at law for damages, and in a proper case may be set up in bar of a recovery upon the purchase-money notes. Biggs v. Doak, supra; James v. Lamb, 2 Tex. Civ. App. 185, 21 S. W. 172; Walker v. Renfro, 26 Tex. 142; Rancho, etc., v. North, 92 Tex. 72, 45 S. W. 994; Ogburn v. Whitlow, 80 Tex. 239, 15 S. W. 807.

[5] Considering the defense as of the latter nature, the covenant was technically broken when made, but no right of action would arise thereon until appellants had been dispossessed by foreclosure or had been compelled in the protection of their estate to discharge the incumbrances. Thomas v. Ellison, 102 Tex. 354, 116 S. W. 1141; Seibert v. Bergman, 91 Tex. 411, 44 S. W. 63; Brown v. Montgomery, 89 Tex. 250, 34 S. W. 443; Ry. Co. v. Gentry, 69 Tex. 625, 8 S. W. 98.

This was not shown, and in this connection we quote the findings of fact by the trial court, as follows:

"(5) At the time the defendants accepted said assignment they knew of the outstanding purchase money owing to the state of Texas and also of the Thomson notes which were then held by Provine, and there was a verbal promise at that time made by Hunter and Provine to the defendants, in substance, that the lien so held by Provine should not in any way injure the defendants' said assignment, and that in the event the same should interfere with the rights of defendants in reassigning any of the lease so assigned to them, the said Provine should release such lien in so far as it might affect the rights of the defendants. This lien for the Thomson notes was in fact released by Provine in January, 1923.

"(6) Within less than ten days after defendants purchased said assignment, the abstract of the title to said sections of land showing the unpaid purchase money to the state of Texas and the outstanding Thomson notes was sent by Provine to either defendant Hill or Campbell, who was thereby afforded opportunity to examine the same and to ascertain the existence of such liens. * * *"

"(8) It does not appear that the defendants' rights acquired by said assignment have been in any way impaired, or that they have been prevented from making any sales or assignments, by reason of the outstanding debt to the state of Texas for purchase money or by reason of the fact that the Thomson notes were once a vendor's lien upon said lands.

"(9) After the defendants received the abstract of title, which was within less than ten days after May 8, 1920, and after they were afforded the opportunity to see from said abstract that said purchase-money liens existed against said land, they nevertheless continued to claim under said assignment to them from Hunter for several months, and made efforts to make sale or assignments under and by virtue of the oil and gas rights assigned to them by said Hunter."

[6] Hunter's conveyance being executed and appellants having accepted the same with the covenant against incumbrances, the presumption obtains that they intended to assume the risk incident to the liens and rely upon the warranty, and it became incumbent upon them, prima facie, to rebut such presumption. This they failed to do as is shown by the trial court's findings. Cooper v. Singleton, 19 Tex. 260, 70 Am. Dec. 333; Haralson v. Langford, 66 Tex. 111, 18 S. W. 339; Blewitt v. Greene, 57 Tex. Civ. App. 588, 122 S. W. 914.

[7] Under the rule announced in the last-cited cases and the facts found, appellants have wholly failed to establish a right of action for breach of the covenant which would defeat the purchase-money note.

[8] The remaining contention is that by reason of Provine's disqualification to take Hunter's acknowledgment to the assignment the same could not be properly recorded in the county nor filed in the general land office and the assignment void and the note given therefor, unenforceable. This proposition is based upon section 18 of chapter 83, Acts of Thirty-Fifth Legislature, Regular Session (Vernon's Ann. Civ. St. Supp. 1918, art. 5904r). The section reads:

"The owner of a file or permit or lease under any provision of this act may sell same and the rights secured thereby at any time, also fix a lien of any kind thereon to any person, association of persons, corporate, or otherwise, who may be qualified to receive a permit or lease in the first instance; provided, the instrument evidencing the sale or lien shall be recorded in the county where the area or part thereof is situated or in the county to which such county may be attached for judicial purposes and same shall be filed in the general land office within sixty days after the date thereof accompanied with a filing fee of one dollar, and if not so filed the contract evidenced by said instrument shall be void and the obligations therein assumed shall not be enforceable; provided further, a sublease contract need not be filed in the general land office."

Chapter 83 of the acts of said Legislature is the law under which the commissioner of the general land office was authorized to issue permits to prospect for and develop oil and gas upon the public school and other lands, whereas Hunter leased from Gray, the owner of the land, on February 17, 1920, under the act approved July 31, 1919 (chapter 81, p. 249, Acts 36th Leg. 2d Called Sess. (Vernon's Ann. Civ. St. Supp. 1922, art. 5904o-16 et seq.]).

The second section of this act expressly authorized the assignment made by Hunter to appellants, and contains no such provision with respect to recording and filing as is contained in the act of the Thirty-Fifth Legislature. In our opinion section 18 of the first act has no application to assignments of a lease made under the act of the Thirty-Sixth Legislature. Appellants, however, contend that it is applicable by virtue of section 19 of the latter act, in which view we do not con-

cur, but, if they are correct in their contention respecting the applicability of said section 18, the matter nevertheless presents no error. Provine's incompetency to take the acknowledgment was because of his secret interest in the lease held by Hunter. His disqualification was in no wise apparent upon the face of the assignment. This being so, the record in the county and filing in the general land office was effectual and valid for all purposes for which such record and filing is intended. 1 R. C. L. 273; S. W. Mfg. Co. v. Hughes, 24 Tex. Civ. App. 637, 60 S. W. 684; Titus v. Johnson, 50 Tex. 224; 27 Ann. Cas. 1076, note; Ogden B. & L. Ass'n v. Mensch, 196 Ill. 554, 63 N. E. 1049, 89 Am. St. Rep. 330; Wright v. Bundy, 11 Ind. 398; Dussaume v. Burnett, 5 Iowa, 95; Bank v. Conway, 1 Hughes, 37, Fed. Cas. No. 10,037; Bank v. Hove, 45 Minn. 40, 47 N. W. 449; Kee v. Ewing, 17 Okl. 410, 87 Pac. 297; Stevens v. Hampton, 46 Mo. 408.

This is not a case where a valid acknowledgment is essential to the validity of the instrument. It is a question of valid registration, and under the authorities cited the registration was valid for all the purposes which such registration could serve.

Affirmed.