**TINKLE v. TINKLE et al.**

No. 1905.

Court of Civil Appeals of Texas. Waco.

Oct. 28, 1937.

Rehearing Denied Dec. 2, 1937.

J. S. Simkins and Claude Milburn, both of Corsicana, for appellant.

Richard & A. P. Mays, of Corsicana, for appellees.

ALEXANDER, Justice.

The plaintiff, Newell Tinkle, and the defendants, Albert Jenkins Tinkle and others, were the joint owners of an estate consisting of lands and personal property which they had recently inherited from their ancestors. The estate owed a large indebtedness of approximately $19,000, some of which was secured by a lien on part of the land and the balance was unsecured. The defendants desired to keep their interests together and to avoid a partition of the estate until the debts could be paid, but the plaintiff, Newell Tinkle, demanded an immediate partition. Negotiations finally resulted in a written contract, of date March 21, 1935, between the plaintiff on one side and the defendants, through their attorney in fact, on the other, by which

the defendants agreed to "forthwith deliver to Newell Tinkle a good and sufficient warranty deed, executed by all the heirs, conveying to him * * *" a certain tract of 19.16 acres of land and certain personal property belonging to the estate and to pay him $163 in cash. The defendants further bound themselves to "immediately and forthwith pay and take receipt therefor" certain specified obligations owing by Newell Tinkle individually, amounting to $703.55. In consideration of the above, the plaintiff agreed to release to the defendants all his interest in the remainder of the property belonging to the estate. Shortly thereafter, all the defendants, except one who was a minor, executed and delivered to plaintiff a general warranty deed to the 19.16 acres of land in question, delivered to him the personal property covered by the written contract, and paid to him the cash consideration as therein provided for. Thereupon, the plaintiff released to the defendants his interest in the remainder of the estate, took possession of the land conveyed to him, tore down some of the buildings thereon and sold the lumber therefrom, rented out a filling station situated on a part of the land, and farmed the remainder thereof. Within a reasonable time a guardian was appointed by the probate court for said minor, and said guardian, with the approval of the probate court, executed and delivered to the plaintiff a deed to the minor's interest in said 19.16 acres of land. About July 22d of the same year, the plaintiff returned said deeds to the defendants and sought to rescind the contract. He later brought his suit to rescind the contract and for partition of the estate. He based his right to rescind on two grounds: first, because he did not receive a clear title to the land deeded to him; and second, because the defendants did not immediately and forthwith pay the indebtedness referred to in the written contract. A trial before a jury resulted in judgment for the defendants. The plaintiff appealed.

The appellant assigns as error the failure of the trial court to give an instructed verdict in his behalf. His claim of right to an instructed verdict is based on his contention that there was both an expressed and an implied representation that the land to be conveyed to him was to be free from indebtedness, and, while there was no express lien against said land, all of the indebtedness owing by said estate was secured by an implied lien against all property belonging to the estate, including the land in question, and hence appellant did not receive a clear title to the land conveyed to him.

The contract between the parties was in writing and it contained no express representation that the land to be conveyed to appellant was free from indebtedness. The contract purports to be complete in itself. All the terms of the agreement between the parties are presumed to have been embodied in the written agreement, and, in the absence of a showing of fraud, accident, or mistake inducing the appellant to sign the contract under a belief that it contained such a provision, the appellant was not entitled to ingraft thereon a previous or contemporaneous parol agreement. 10 Tex.Jur. 516. The jury found against the allegations of fraud in the procuring of the execution of the contract and further found that there was in fact no express representation of clear title. It is not necessary therefore to further consider the effect of an express representation that the land was free from indebtedness.

The general warranty deed executed by appellees, conveying said land to appellant, by express terms of the statute, raised an implied covenant that said land was free from encumbrances. R.S. art. 1297. However, since the contract was an executed one, appellant's remedy for a breach of such implied covenant was an action in damages and not one to rescind the contract. 12 Tex.Jur. 95, § 64; Hill v. Provine (Tex.Civ.App.) 260 S.W. 681, par. 4, and authorities there cited; 15 C.J. 1292.

The appellant also contends that he was entitled to rescind the contract because appellees failed to promptly pay off the personal obligations of Newell Tinkle which they assumed. There was a dispute on this issue. Appellant testified that some of said accounts were not discharged until after he had attempted to rescind the contract, while appellees' representative testified that, immediately after the contract was signed, he went to each of said creditors and made satisfactory arrangements to assume said obligations and that shortly thereafter he paid said accounts. The jury, in answer to a special issue, found in favor of appellees on this question. Moreover, since the conveyance was an absolute one without any express

reservation of a lien to secure performance of this covenant, appellant's remedy for a breach of such covenant was a suit for damages and not one for rescission. Johnson v. Johnson (Tex.Civ.App.) 272 S.W. 225; Elliott v. Elliott, 50 Tex.Civ.App. 272, 109 S.W. 215, 1142; Odom v. Odom (Tex.Civ.App.) 139 S.W. 900. Appellant therefore was not entitled to rescind said contract on account of any supposed failure on the part of appellees to promptly pay said accounts.

We have examined all other assignments and find no reversible error.

The judgment of the trial court is affirmed.

GEORGE, J., took no part in the consideration and disposition of this case.