## A. B. BUETELL ET AL. V. JOSEPH COURAND ET AL.

### No. 778.

1. **Practice—Impleaded Parties—Judgment by Default.**—A judgment by default will not be rendered against parties who have been impleaded by the defendants and who have not answered, after that part of the answer of the defendant seeking to make them parties has been stricken out on plaintiff's exceptions; nor will the propriety of making such parties be considered where the demurrer of the plaintiff to the defendant's answer has been properly sustained, and judgment has been rendered against the defendants.

2. **Judicial Sales in Partition—Warranty of Title.**—Where land is sold for the purpose of partition, there is no provision in our statute imposing a warranty of title upon the parties to the proceeding, and none is implied where the partition is actually effected.

3. **Warranty—"Grant and Convey"—Title by Limitation.**—The use of the words "grant and convey" in a deed imports only that the parties had not previously conveyed the land, and that it was free from incumbrance, and does not include an adverse title by limitation.

4. **Partition Sales—Caveat Emptor—Laches.**—Courts of equity will not compel a purchaser at a partition sale ordered by the court to accept a worthless or unmarketable title, the rule of caveat emptor not being as rigidly enforced in these sales as in sales under execution and other sales in invitum; but equity will not aid a person who is negligent in the assertion of his rights, nor one who has affirmed a contract after he has knowledge of the cause for setting it aside.

APPEAL from Galveston. Tried below before Hon. WILLIAM H. STEWART.

*A. B. Buetell,* for appellants.—1. The court erred in refusing to render judgment by default, on call of said cause for trial, against M. F. Mott, Lewis Ellis, and David Evans for title and possession of the land in controversy, they and each of them having wholly made default, although duly cited to appear and answer. Rev. Stats., arts. 1263, 1282, 1283.

2. A sworn plea of failure of consideration and of title is a defense to a suit seeking recovery on purchase money notes, the establishment and foreclosure of an alleged lien, the purchaser having no knowledge of defective title, relying on vendors' representation of ownership in buying, and being unable to obtain possession, by reason of adverse occupation, under superior outstanding title, and making adverse claimants parties, seeking to recover the land or to rescind the sale, cancel the notes and thus adjust the equities involved. Crayton v. Munger, 9 Texas, 285; Roehl v. Pleasants, 31 Texas, 45; Cooper v. Singleton, 1 Texas, 260; Smith v. Nolan, 21 Texas, 496; Demaret v. Bennett, 29 Texas, 239; Ogburn v. Whitlow, 80 Texas, 239; Jones v. Paul, 59 Texas, 41; 2 Sayles' Land Laws, secs. 863, 933.

3. Courand and Bryan, by the use of the words "sell, grant, and convey," in their conveyance made through the sheriff, warranted the land to be free from incumbrances of such possessory rights as Mott, Ellis, and Evans may have acquired, and such rights presented a valid

defense to the suit below.    Rev. Stats., art. 557; 2 Bouv. L. Dict., 268, "Owner and Ownership;" Evans v. Berlocher, 83 Texas, 612; Nichols v. Alexander, 28 Wis., 118.

*Mott & Armstrong,* for appellees.—1.  It is not competent to render judgment against a person not a party to the suit.

2.   The writ directed to the sheriff directed him to sell the property "as under execution," and by virtue of a sale thereunder the officer could convey and the purchaser could acquire only such title as the parties had, and the acquisition of such title was full consideration for the sum bid at the sale.    17 Am. and Eng. Encyc. of Law, 798, 799; Ward v. Williams, 45 Texas, 617; Williams v. McDonald, 13 Texas, 321; Thompson v. Munger, 15 Texas, 523; Williams v. Glenn, 12 Am. St. Rep., 461; Goodbar v. Daniel, 16 Am. St. Rep., 76.

3.   He who would rescind a contract on the ground of fraud must act with diligence, and will be barred by laches.    And where the defrauded party, after discovery of the fraud, or after an opportunity to discover the fraud has been afforded, deals with the contract as binding, such action amounts to a waiver of the fraud.    The party can not elect both to rescind and to ratify the contract.    Grymes v. Saunders, 93 U. S., 55; 1 Big. on Fraud, 434; Connally v. Hammond, 51 Texas, 647; Smith v. Talbot, 18 Texas, 783; Bisp. Eq., 3 ed., secs. 259, 260; Pom. Eq. Jur., sec. 897; Cool. on Torts, 2 ed., 589, *503; Brown v. Buena Vista, 5 Otto, 160.

WILLIAMS, ASSOCIATE JUSTICE.—Appellee Courand brought this suit upon a promissory note executed by appellants for part of the last installment of the purchase money of a piece of land on Galveston Island, and to foreclose the vendor's lien upon the land by which the note was secured.    Appellee Bryan, represented by his guardian, intervened, and sought a like recovery and foreclosure upon another note of appellants, payable to himself, of same date and amount as that sued on by plaintiff, and given also for part of the last installment of the purchase money of the same land.

From the petition and plea of intervention, it appears that the two notes were given February 3, 1891, one payable to plaintiff and the other to intervenor, for the installment of the purchase money of the lot, which had been on that day sold by the sheriff of Galveston County and bought by appellants, under an order of sale issued January 13, 1891, from the District Court of Galveston County, in cause number 14,971, entitled Ellis Bryan, by next friend, versus Joseph Courand; that the sale was confirmed by said court on the 6th day of February, 1891, and that a deed of conveyance was accordingly executed to appellants by the sheriff on the 13th day of February, 1891, retaining a vendor's lien to secure the notes.    The notes also recited that they were so secured.

The appellant's defense was a plea of failure of consideration of the notes, consisting in the fact that appellants obtained no title by their purchase. Appellants also pleaded in reconvention for a rescission of the contract, and for the recovery of the portion of the purchase money paid by them.

The answer alleged, that cause number 14,971 was a partition suit brought in behalf of the intervenor, a minor, against Courand, the present plaintiff, for partition of the lot, in which the parties by their pleadings alleged themselves to be the joint owners thereof; that it was "instituted in bad faith, with intent to defraud those who might become purchasers of said land out of the money that said land might bring at said sale. That said suit was a friendly action in which each party knowingly and wrongfully admitted that each party was the owner of an undivided interest in said land, when in truth and in fact neither party had at filing of said partition suit any title to said land, were neither of them possessed of said land, and were not entitled to such possession." That defendants bought in ignorance of the want of title of the parties to that suit, and believing and relying on the statements made in their pleadings, paid for the land $75 cash, and executed their four notes for $37.50 each for the remainder of the purchase money, two of which were payable in one year, and two others payable in two years from the date of purchase.

The answer further alleged in detail, that three persons, named, were in possession of the land at the institution of the partition suit and at the time of sale, adverse to the parties to that suit, and had by such adverse possession for ten years acquired title under the statute of limitations. That this fact was known to the parties to that suit, but that appellants did not know of it when they bought, nor until long thereafter. No warranty of title in the sale was alleged, except that it was stated that the deed from the sheriff used the words "sold, grant, and convey," thereby warranting the land to be free from incumbrances.

It was averred that appellants had paid the two notes which matured at one year from the sale, and there was a prayer for recovery back of the payments so made, as well as of cash paid at the sale, for a rescission of the contract, a cancellation of the notes sued on and of the sheriff's deed, and for general relief.

The answer sought to implead the parties in possession of the land, and to have a trial of title between them and defendants, claiming that the plaintiffs and intervenor, as warrantors of title under the sheriff's deed, were bound to defend the title against such possession.

To this answer plaintiffs and intervenor filed a general demurrer and special exceptions, the latter being as follows:

"1. That the same is insufficient in law, (1) because the same shows no defense to plaintiffs' and intervenor's petition, and is wholly insufficient in law. (2) Because the allegations of fraud are vague, indefinite, and wholly without any specifications of fact. (3) And they specially except to all that portion of said answer which alleges possession by

Mott, Evans, and Ellis, because the same presents no defense to this action; and further, because the said Mott, Evans, and Ellis are not proper or necessary parties.''

Mott, Evans, and Ellis, the parties alleged to be in possession of the land, were cited to answer defendant's plea, but on hearing the above exceptions the court struck out that part of the defendants' answer seeking to make them parties, and they filed no pleading. After this ruling was made the defendants moved for judgment by default against them, which was denied. The court also sustained the exceptions to the plea of failure of consideration and in reconvention, and rendered judgment against defendants for the amount of the notes sued on, and for a foreclosure of the lien.

The first assignment complains of the refusal to render judgment by default against Mott, Ellis, and Evans. After the pleading seeking to make them parties had been stricken out, there was nothing for them to answer, and no judgment could have been properly rendered against them. They were no longer to be treated as parties to the suit.

The fourth assignment of error attacks the ruling sustaining the exceptions to the part of the plea seaking to make Mott, Ellis, and Evans parties. We will not pause to determine whether or not they could have been properly brought into the case for the purpose sought to be attained, under more perfect pleadings, for it seems plain, that if the facts alleged showed no right to relief against plaintiff and intervenor, in case the title of Mott, Evans, and Ellis should prevail, the introduction into the case of the issue of title between them and the defendants would have been futile, and therefore improper. In other words, if defendants' answer was insufficient to relieve them from payments of the notes, in case the adverse claim was found to be the better one, there could be no reason for examining the merits of the two titles. As we have reached the conclusion that the plea of failure of consideration and prayer for rescission were insufficient, it follows that the ruling in question is to be held correct.

A judicial sale of land in partition proceedings imports no warranty of title. Freem. on Coten. and Part., sec. 547, and cases cited.

There is no provision in our statute which imposes upon the parties to such proceedings a warranty of title where the land is sold for the purposes of partition. Where a partition is actually effected, the decree vesting the title is given the force of a warranty to each party from the others of the title to the part received by him; but this is so because such would be the effect of a voluntary division or exchange effected by deed, and this statute is declaratory of the law as laid down in the decisions. Rev. Stats., art. 3483; Word v. Drouthitt, 44 Texas, 368; Ross v. Armstrong, 25 Texas Supp., 369; James v. Adams & Wickes, 64 Texas, 193.

It may be true that such a sale should be treated as a sale by the parties through the court, and that the deed should have the same effect as a joint deed of conveyance from the tenants in common. But

no warranty would be implied in such a conveyance from the co-owners beyond those expressed or imported by the terms of the deed, and hence none can arise from the partition sale but such as are embraced in the conveyance. Giving to the sheriff's deed the effect it would have if executed by the parties to the suit, the only warranties which arise are those imported by the words "grant and convey," viz., that the parties had not previously conveyed the land, and that it was free from incumbrances. Rev. Stats., arts. 557, 558. An adverse title acquired by limitation is in no legal sense an incumbrance. Hence the case is unaffected by any warranty of title.

A court of equity, when its action is invoked to effect a sale for partition, will doubtless endeavor to see that a purchaser under its process gets a good title. It has often been held, on an application to the court by the purchaser at a partition sale, before completion of the purchase, that he may be relieved from his bid if he shows that the title purchased by him is worthless. Some courts hold, that he will not be compelled to take property if the title is so doubtful as to render it unmarketable. How far these decisions, most of which are by New York courts, are influenced by their procedure in seeking to ascertain and adjudicate, before the decree is settled, claims to the land adverse to those of the parties, and how far this may differ from the practice under our statute, we find it unecessary to inquire. All that is said in those decisions may be held applicable in our courts, without affecting our decision. The rule of caveat emptor in some sense applies to this character of sales, but is not applied by many courts as rigidly as it is to sales under execution and other sales in invitum.

The decisions on the subject, most of which have been examined, are cited in 17 American and English Encyclopædia of Law, pp. 798, 799.

This is not an application to the court, before the completion of the purchase, to be relieved of the bid; nor is it an application by the plaintiff in partition to compel the purchaser to comply with the terms of sale, as were nearly all of the cases referred to. The defensive pleading in this case is, in effect, an application to equity to rescind a contract. It appears from the pleading that the purchase was made and notes given; that three days afterwards the sale was reported to and confirmed by the court; that ten days after the sale the deed was executed by the sheriff and accepted by the purchasers; that a year or more after the sale an installment of purchase money was paid, and that for more than two years the deed has been held without complaint, and with no offer to rescind the trade. The allegation concerning the knowledge of defendants as to adverse title is, that they did not know of it at the time of sale, and for a long time afterwards. What the pleader would consider a long time, the court has no means of knowing. The fact of adverse possession, in its very nature, is such, that had they employed any care they must have soon learned it. If they should not be charged with having had notice of it when they bought,

it would not be unreasonable to hold, that they ought to have ascertained it before they accepted the deed from the sheriff, if not before the confirmation. And certainly, during the year before the second installment of purchase money became due, they ought to have ascertained whether or not other parties were in possession of land claimed by them. By paying and retaining the deed, they affirmed the contract which they now seek to rescind, at a time when they ought to have known of the existence of the ground alleged. They do not show that they did not then know of it.

Equity will not aid a party who is thus negligent in the assertion of his rights, nor one who has affirmed a contract after knowledge of the cause for setting it aside. This principle applies with peculiar force in this case. Defendants may be mistaken in supposing that title by limitation had vested when they bought. By prompt proceedings, it may be the land could have been recovered. By holding the title and not asserting it themselves, they may have put it beyond the power of their adversaries to recover it, should they have to take it back.

The allegations of fraud are rather vague, but waiving that, it is not claimed that the affirmance of the contract and the negligent delay were caused by the fraudulent purpose with which it is alleged the partition suit was instituted. A party who seeks to be released from a contract on the ground of fraud must not hold on to what he has got, and repudiate only the obligations assumed under it. Defendants now express a willingness to have the deed canceled, but they have waited too long, and have affirmed the contract by their conduct. The facts alleged constitute no defense, and the judgment is affirmed.

*Affirmed.*

Delivered February 21, 1895.