## HOUSTON et al. v. HOWERTON.
### No. 1159.

Court of Civil Appeals of Texas. Waco.
March 3, 1932.

Rehearing Denied April 14, 1932.

Willis & Madden, of Dallas, for plaintiffs in error.

E. H. Persons, of Hico, and Richey & Sheehy, of Waco, for defendant in error.

ALEXANDER, J.

W. H. Howerton brought this suit on two notes for $100 and $150 respectively and to foreclose a vendor's lien on a tract of land in Erath county. The suit was against W. M. Joiner as the maker of the notes, Mrs. G. O. Sherman as the owner of the land, and C. C. Houston as the holder of a second lien thereon. Joiner made no defense. Mrs. Sherman and Houston answered, among other things, that at the time of the execution of the notes neither the plaintiff nor Joiner owned the land. A trial before the court resulted in judgment for the plaintiff. Mrs. Sherman and Houston appeal.

The evidence shows that in 1916 Howerton and one Surber conveyed the land to Joiner by warranty deed and retained a lien to secure the payment of the notes sued on. The notes were made payable to Howerton alone. Later Joiner conveyed the land to one Hermansen, subject to the notes herein sued on, and retained a lien to secure a new note in the sum of $1,500. The new note for $1,500 was afterwards assigned to the defendant Houston. In January, 1929, Hermansen conveyed the land to Mrs. Sherman, who took title subject to the notes in suit. The defendants here contend that the plaintiff wholly failed to show that he and Surber owned the land at the time they conveyed same to Joiner and retained the lien to secure the payment of the notes in question. They also contend that, at the time of such conveyance, there was outstanding a superior title in a third party, and that the defendants have since acquired such title.

We think the plaintiff showed sufficient title to enable him to recover on the notes in question. He did not attempt to deraign title from the sovereignty of the soil, but relied on common source. By introducing in evidence the deed from himself and Surber to Joiner in which the lien was retained, together with the conveyance from Joiner to Hermansen, and the conveyance from Hermansen to Mrs. Sherman, the plaintiff established prima facie that the defendants were claiming under the plaintiff and Surber. The plaintiff's lien was created by the deed from himself and Surber to Joiner. He therefore was claiming under the same source. Where a party conveys land and retains a vendor's lien, and afterwards sues to recover the purchase money, it is not necessary for him, as against one holding under such deed, to deraign title beyond himself, and therefore in this case it was not necessary for the plaintiff to deraign title beyond himself and Surber. King v. Kloh (Tex. Civ. App.) 10 S.W. (2d) 1043, sec. 6; Organ v. Maxwell (Tex. Civ. App.) 140 S. W. 255 (writ ref.).

We do not think the defendants are in position to contend that there was a superior title outstanding in a third party nor that they acquired a superior title from another source. The rule seems to be well established that, where a vendor conveys land and retains a lien to secure the payment of the unpaid purchase money, the purchaser cannot remain in possession of the land and successfully defend against a suit for the purchase money without establishing beyond doubt that the title has failed in whole or in part, and that there is danger of eviction, and he must also allege and prove such circumstances as prima facie repel the presumption that at the time of the purchase he knew or intended to run the risk of the defect in the title. He is also required to return the possession of the premises and the deed for cancellation. He cannot gain the possession of the property by accepting under such a conveyance and afterwards repudiate the conveyance and retain the benefits conferred thereby. Ogburn v. Whitlow, 80 Tex. 239, 15 S. W. 807; Haralson v. Langford, 66 Tex. 111, 18 S. W. 339; Buetell v. Courand, 9 Tex. Civ. App. 564, 29 S. W. 1146; Knight v. Coleman County (Tex. Civ. App.) 51 S. W. 258; Moore v. Vogel (Tex. Civ. App.) 54 S. W. 1061; Smith v. Jarvis (Tex. Civ. App.) 24 S. W. 854; Gantt v. McClellan (Tex. Civ. App.) 252 S. W. 229, par. 12. The deed from Howerton and Surber to Joiner retained an express lien to secure the payment of the notes here sued on. In each of the conveyances thereafter, including the deed to Mrs. Sherman, the purchaser took the property subject to the lien in favor of Howerton. Therefore the debt represented by such notes became a part of the purchase price of such land in each of said conveyances.

The only defense pleaded by the defendants in this connection was that, at the date of the execution of the notes sued on, "neither the defendant Joiner nor the plaintiff were the owners of said property." The defendants do not allege nor prove that the title has failed nor that they have been evicted or are about to be evicted nor that they have been compelled to purchase an outstanding title to prevent eviction, nor do they allege or prove that they did not know of the defect in the title at the time they purchased. They are still holding possession of the property, and do not offer the deed for cancellation. Their defense was wholly insufficient.

The judgment of the trial court is affirmed.