**Bert N. LEE and wife, Gladys M. Lee, Appellants,**

v.

**J. B. KING and wife, Opal F. King, Appellees.**

**No. 7401.**

Court of Civil Appeals of Texas.

Texarkana.

May 29, 1962.

William M. Steger, Wilson, Miller, Spivey & Steger, Tom Banks, Tyler, for appellants.

Will Pace, Tyler, for appellees.

FANNING, Justice.

J. B. King and wife, Opal F. King, sued Bert N. Lee and wife, Gladys M. Lee, seeking judgment against the Lees for the balance of purchase money due on a tract of land and improvements sold by warranty deed from plaintiffs to defendants, located in Smith County, Texas, and which was described as 10 acres of land, more or less. Foreclosure of both express and implied vendor liens against the property was also sought by the Kings.

The Lees filed an original answer and cross-action on November 21, 1960, alleging partial failure of title (the western 1.9605 acre portion of the land conveyed to them) and sought reformation and correction of the note, deed and liens so as to restrict the conveyance to the property to which the Kings had a clear record title to, and sought a judgment determining and fixing the amount of loss and damages by purchasers, which they claimed to be $8,000.00. The Lees did not seek recision of the sale in such pleading filed on November 21, 1960. In their depositions given on December 10, 1960, they also stated to the effect that they desired to keep the property sold to them by the Kings, but also desired to have the sum of $8,000 deducted from the purchase price by reason of the alleged defect in title of the 1.9605 strip of land.

On March 28, 1961, the Lees filed an amended answer and cross-action in which they abandoned their request for reformation of the transaction and their suit for damages and sought for the first time to rescind and cancel the entire transaction and sale. In connection with such pleading the Lees tendered a deed to the Kings with special warranty into the registry of the court, describing the land as originally conveyed and vacated the premises which they had had possession of since the date of the prior deed.

Trial was to the court without the aid of a jury and judgment was rendered for plaintiffs for the balance of purchase money due, interest, attorneys' fees, costs of court and foreclosure of the vendors' liens against the property. The Lees have appealed. Original findings of fact and conclusions of law were made by the trial court. The trial court also made certain additional and amended findings of fact, and also refused certain additional and amended findings of fact requested by the Lees.

The original purchase price of the 10 acre, more or less, tract (which actually contained 9.535 acres, more or less) with improvements thereon, was $40,000.00. The Lees paid $1,000.00 earnest money when they made the contract to purchase. Under

the purchase contract, the purchasers were entitled to have an up-to-date abstract of title furnished and examined by an attorney of their choice, or they could secure title insurance if they wished. Although an up-to-date abstract was available and seller's agent advised the Lees to have an attorney of their choice to examine the abstract before purchasing the property the Lees did not avail themselves of this opportunity and purchased the property without having the title examined. The Kings executed a warranty deed to the Lees, reciting a cash consideration of $20,-000.00 and a vendor's lien note of $20,000.00 for the balance. At the time of the delivery of the deed on September 19, 1960, the Lees gave a check to Mr. and Mrs. King for $11,088.15, and a separate check for $7,911.85 to a Tyler bank in payment of an outstanding mortgage against the land and the bank executed a release of its mortgage lien. The Lees moved into the large three story clinic on the property immediately and took possession under their deed. Some days later the Lees were successful in stopping payment on the $11,088.15 check given by them to the Kings. They also attempted to stop payment on the $7,911.85 check to the Tyler bank, but were too late on their efforts and said check was paid by the Lees' bank in Ohio.

On October 18, 1960, after a survey and title examination, the attorney for the Lees wrote the attorney for the Kings that the Kings did not have record title to the western 1.9605 acre portion of the tract conveyed, and that he had advised his clients not to make any payments on the vendor's lien note, etc.

On October 31, 1961, the Kings as plaintiffs filed their suit against the Lees and, as above stated, on November 21, 1960, the Lees filed their original answer and cross-action above more fully referred to.

After notice and knowledge of all claimed defects in the title the Lees continued to use, occupy and enjoy the premises conveyed to them and withheld same and the purchase price due thereon, and failed to make any payments on the vendor's lien note, and treated the property as their own to the complete exclusion of the Kings until on or about March of 1961.

The record title to the western 1.9605 acres of land was not in the Kings. However, this 1.9605 acres was within a fence erected by the Kings several years prior to the sale. The King Clinic, a three story building, was not located on this 1.9605 acre strip, and it and the remaining portion of the tract could be used for a convalescent home, which was the purpose for which the Lees bought the property. The sale of the property was not based on a "per acre" basis, but was sold in gross.

The various original, amended and additional fact findings of the trial court are too voluminous to copy in their entirety here. However, we deem it appropriate to copy original fact findings 19, 20, 21, 22, 23 and 24 as follows:

"(19.) That on or about March of 1961, Mr. and Mrs. Lee moved out of the premises and attempted to surrender the same to Mr. and Mrs. King, but that the attempted surrender was refused by Mr. and Mrs. King. That about the same time, in March of 1961, Mr. and Mrs. Lee filed amended pleadings in the lawsuit in which they sought for the first time to rescind and cancel their contract with the sellers; and that the Lees at such time completely abandoned any action for damages. In connection with these amended pleadings Mr. and Mrs. Lee for the first time tendered a deed into the registry of the court by which they sought to reconvey all of the property which had been described in the deed to them from Mr. and Mrs. King.

"(20.) I further find that there was never any threat of eviction to any of the premises upon which were located the buildings and permanent improvements; that the only threat of eviction to Mr. and Mrs. Lee was to approxi-

mate 1.9605 acre western section of the tract conveyed them, and that no substantial threat or real danger of eviction as to this western 1.9605 section occurred sooner than approximately ninety (90) days prior to the time this lawsuit was tried, and that at such time that the defendant Bert N. Lee and wife, Gladys M. Lee had already failed to make several payments due under the express vendor's lien held by sellers.

"(21.) I further find that at the time the defendants and cross-plaintiffs, Mr. and Mrs. Lee, instructed their attorney to ask for reformation of the deed and for damages in their initial pleadings, that at such time they had the benefit of substantially the same knowledge as to lack of partial record title and other defects which they had at the time they amended their pleadings in March of 1961 and sought for the first time to rescind and cancel the entire transaction; and I find that they had substantially the same knowledge of lack of partial record title and other defects on all interim dates.

"(22.) I further find that after knowledge of title or other defects that the defendants and cross-plaintiffs, Bert N. Lee and wife, Gladys M. Lee, withheld all payments due under their agreement with the sellers, as well as continuous possession of all and every part of the property conveyed them from the plaintiffs, J. B. King and wife, Opal F. King.

"(23.) I further find that plaintiffs J. B. King and wife, Opal F. King, have never refuted their obligations of warranty of title and there was never any pleading or evidence whatever of any insolvency of sellers, Mr. and Mrs. J. B. King.

"(24.) I further find that by the time the defendants and cross-plaintiffs, Bert N. Lee and wife, Gladys M. Lee, amended their pleadings and for the first time sought recision and cancellation that it was impossible, and is now impossible to equitably restore all parties to the position they occupied prior to the sale of the property in September of 1960."

The trial court's Conclusions of Law were as follows:

"(1.) At the time of execution and delivery of the deed, note, checks, etc. on September 19, 1960, the contract between the defendants and plaintiffs became an executed contract, as distinguished from one merely executory; and at such time the rights and duties of the respective parties had been agreed upon

"(2.) The executed contract was one 'bilateral' in nature which had been consummated by the partial payment of the purchase price and promise of additional payment of the remaining portion by the purchasers, on the one hand, in consideration for the promises of the sellers and warranties in the deed conveying the land.

"(3.) Purchasers breached contract when they stopped payment on purchase money check, and breached it thereafter by failing to make any installment payment provided by the lien note and contract.

"(4.) I find as a matter of law that Mr. and Mrs. Bert N. Lee failed to establish the necessary facts which would entitle them to equitable relief and defense against the legal foreclosure suit brought by Mr. and Mrs. King under the particular circumstances involved.

"(5.) I find that Mr. and Mrs. Lee failed to timely offer to do sufficient equity required of them under the circumstances involved. In this connection I find that Mr. and Mrs. Lee never at any time offered or tendered a deed to or possession of any portion of the tract conveyed to them to which they claimed title had failed; and that their

tender of a deed to the entire premises in March of 1961 was in connection with their amended pleadings and was collateral to their attempt at rescision and cancellation.

"(6.) It is the further conclusion of this Court that the purchasers, Mr. and Mrs. Lee, cannot remain in possession of the land to which they claimed a title defect and successfully defend a suit for the purchase money without returning possession of the premises and a deed thereto. They cannot gain the possession of the property by accepting the same under a conveyance and afterwards repudiate the conveyance and retain the benefits conveyed thereby.

"(7.) It is the further finding of this Court that the defendants and cross-plaintiffs Bert N. Lee and wife, Gladys M. Lee have waived any right which * * * they might have had, if any, to rescind and cancel the contract between the parties by virtue of their actions and conduct after full knowledge of all material facts, including such actions and conduct as: remaining in possession and enjoying the property conveyed for an unreasonable length of time, after notice of any defect, and by treating the property as their own during such time, and by initially taking affirmative action in their pleadings and cross-action to sue the sellers for reformation of the existing contract and for damages for the alleged value of that portion of the property to which they received no record title.

"(8.) I further find that the failure of record title to 1.9605 acre tract would, with reasonable diligence, have been discovered by purchasers prior to the execution of the contract.

"(9.) The failure of record title was only partial and did not materially take away the enjoyment and use for which property was intended, and which can be compensated in damages."

We hold that the various findings of fact of the trial court are sufficiently supported by ample evidence of probative force.

We hold that the trial court rendered a correct judgment. Many authorities have been cited by the parties, however we deem the most pertinent authorities supportive of the trial court's judgment are the following: Ogburn v. Whitlow, 80 Tex. 239, 15 S.W. 807; Cooper v. Singleton, 19 Tex. 260; Houston et al. v. Howerton, Tex.Civ.App., 48 S.W.2d 338, wr. dism.; Duke et al. v. Garrett et ux., Tex.Civ.App., 276 S.W.2d 587, wr. ref., n.r.e.; Mooers v. Richardson Petroleum Co., 146 Tex. 174, 204 S.W.2d 606.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Affirmed.