George W. KIRK, Appellant,

v.

Glenda BARNETT et al., Appellees.

No. 1774.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

May 17, 1978.

David L. Walker, W. H. Jordon Jr., Houston, for appellant.

John Robert King, McAllen, for appellees.

COULSON, Justice.

In 1970 Geneva Worsham and her husband purchased, by executory contract for conveyance or "contract for deed," a house in Pasadena, Texas from George Kirk and his wife. Both marriages subsequently failed and under the terms of the respective property division agreements Geneva Worsham and George Kirk came to own their former spouses' interests in the property. In 1976 Kirk filed a suit claiming that Worsham was delinquent in her payments under the contract, and therefore in default, and praying that he be awarded money damages and recovery of possession of the property. Following a nonjury trial, the court entered a take-nothing judgment. We affirm.

Forfeitures of interests in realty resulting from defaults under contracts for deed are viewed with disfavor by the law. One evidence of this is the notice requirement created by article 1301b. Under that statute a forfeiture of the interest of a purchaser in default under an executory contract for conveyance of realty, used or to be used as the purchaser's residence, may be enforced only after the statutorily mandated form of notice of the seller's intention to enforce forfeiture has been given to the purchaser. Tex.Rev.Civ.Stat.Ann. art.

1301b (Supp.1978). Both sides in this appeal agree that the specific form of notice required by article 1301b was not given to Worsham, but it is Kirk's assertion that, since Worsham has leased the property to Glenda Barnett, it is not "the purchaser's residence" and, therefore, the statute does not apply.

Worsham testified that she had resided on the property and considered it her home, that she had left it only to join her husband and attempt a reconciliation with him, that he had been the one who negotiated the lease, and that letters and actions by Kirk had made her uncertain about her ability to keep the property, thereby causing her to permit Barnett to remain as a month to month tenant, but that if the forfeiture were avoided she intended to return and use the property as her residence. We believe that this testimony was sufficient to bring Worsham within the language of the statute ("used or *to be used* as the purchaser's residence") and to afford her its protection. Consequently, Kirk's failure to give the proper form of notice precludes him from enforcing a forfeiture of Worsham's interest.

It follows from this that the trial court properly denied his claim for recovery of the fair rental value of the property during the period following Worsham's alleged default. Since he cannot enforce a forfeiture of her interest, his claim for money damages can only be for the balance due on the purchase price, not the rental value. *See Tom v. Wollhoefer,* 61 Tex. 277, 281 (1884).

Affirmed.