Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# OPINION

No. 04-08-00030-CV

Tomas **ZUNIGA** and Berlinda A. Zuniga,
Appellants

v.

Margaret L. **VELASQUEZ**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CI-16979
Honorable David A. Berchelmann, Jr., Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:       Karen Angelini, Justice
               Phylis J. Speedlin, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:   October 15, 2008

AFFIRMED

Tomas Zuniga and Berlinda A. Zuniga appeal the trial court's take-nothing judgment. The

judgment denies the Zunigas statutory relief on their claim that Margaret L. Velasquez failed to

timely transfer title pursuant to a contract for deed. Because the Zunigas did not establish as a matter

of law that all payments due under the contract were paid in full prior to demanding legal title, we

affirm the judgment of the trial court.

**BACKGROUND**

On June 1, 1996, the Zunigas entered into an executory contract (or "contract for deed") with Velasquez to purchase a house located at 1119 W. Summit. The contract for deed provided for immediate possession by the Zunigas, but Velasquez was to retain title until the Zunigas paid the full purchase price, at which time Velasquez would convey the property to the Zunigas by general warranty deed. Under the contract for deed, the Zunigas could either pay a cash price of $37,000 or a deferred payment price of $57,228.49, less a cash down payment of $3,200. The deferred payment price called for 143 payments of $375.20, plus a final payment of $374.89 due on June 1, 2008. Payments more than 15 days late were to be assessed a 5% late fee. Additionally, the contract for deed provided that if the Zunigas did not pay the property taxes directly, the Zunigas would reimburse Velasquez for property tax payments she made, subject to an 8.5% interest charge.

On October 29, 2004, the Zunigas gave Velasquez two cashier's checks totaling $14,517.93, asserting that they constituted the final payment under the contract for deed. The Zunigas asked Velasquez to transfer title to the property, but Velasquez refused, claiming the Zunigas owed her $1,694.49 for the 2004 property taxes. In January of 2005, the Zunigas paid Velasquez $1,649.49 and renewed their demand that she convey the property to them; Velasquez again refused to transfer the title because she had a mortgage on the property and the Zunigas's early payoff amount was insufficient to pay off her mortgage. In October of 2005, the Zunigas filed suit, claiming Velasquez violated section 5.079(a) of the Texas Property Code by failing to convey title within 30 days after final payment was made, and seeking attorney's fees and statutory liquidated damages in the amount of $182,000 through October 1, 2005. *See* TEX. PROP. CODE ANN. § 5.079(a), (b) (Vernon 2004) (providing that a seller of property covered by an executory contract who fails to convey legal title

to the purchaser more than 30 days after the final payment is made is liable to the purchaser for liquidated damages in the amount of $250 per day from the 31st day to the 90th day after final payment is made, and $500 per day for each day after the 90th day after final payment is made). After being served with citation, Velasquez immediately forwarded a signed warranty deed to the Zunigas's attorney. Thereafter, Velasquez filed her original answer, asserting that because the title had been transferred subsequent to the filing of the lawsuit, the Zunigas had not been harmed, and thus were not entitled to damages. Less than one month before trial was set, Velasquez filed an amended answer, arguing that because a balance was still due and owing on the property, no final payment had ever been made, and therefore she had no duty to transfer the title to the Zunigas. In support, Velasquez alleged that a balance remained due on the property because the Zunigas: 1) only paid her $375 each month, not $375.20 as required under the contract for deed; 2) failed to make timely monthly installment payments and therefore owed late fees; 3) owed interest on property tax payments that were made late; and 4) owed $45 on the 2004 property taxes because the Zunigas paid her $1,649.49—not $1,694.49 as required—due to a transposition error.

Following a bench trial, the trial court rendered a take-nothing judgment against the Zunigas, concluding they were not entitled to damages or attorney's fees. The trial court made the following findings of fact, now challenged on appeal:

> (7)     During the period that the Plaintiffs were required to make monthly installment payments to the Defendant, most of the payments were late, as were several of the reimbursed tax payments. The late payment penalties were not shown by the evidence presented as fully paid by the Plaintiffs;
>
> . . .
>
> (10)    The 2004 taxes to be reimbursed to the Defendant was

in the sum of $1694.49. The 2004 tax reimbursement was for
$1649.49[,] being $45.00 short of the true tax figure; and

. . .

(12)     The Plaintiffs failed to meet [their] burden that the balance
         owing on the Contract for Deed was fully paid to the
         Defendant.

Additionally, the trial court made the following pertinent conclusions of law:

(2)     The evidence and testimony presented by the Plaintiffs did
        not meet such burden of proof and left a doubt as to the
        balance remaining due to several factors:

        . . .

        b.     the late installment payments and late tax
               reimbursement payments were not proven as having
               been paid;

        c.     the shortage of each monthly installment payment was
               not proven as having been paid[.]

## DISCUSSION

On appeal, the Zunigas challenge the trial court's factual findings and legal conclusions that

they did not pay Velasquez all amounts due under the contract for deed. We review the trial court's

findings for legal and factual sufficiency of the evidence. *BMC Software Belg., N.V. v. Marchand,*

83 S.W.3d 789, 795 (Tex. 2002). When a party attacks the legal sufficiency of an adverse finding

on which it had the burden of proof, it must demonstrate on appeal that the evidence establishes, as

a matter of law, all vital facts in support of the issue. *Dow Chem. Co. v. Francis,* 46 S.W.3d 237,

241 (Tex. 2001). In reviewing a "matter of law" challenge, we must first examine the record for

evidence supporting the finding, while ignoring all evidence to the contrary. *Id.*; *Sterner v.*

*Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex. 1989). If there is no evidence to support the finding,

we then examine the entire record to determine if the contrary proposition is established as a matter of law. *Dow Chem. Co.,* 46 S.W.3d at 241; *Sterner,* 767 S.W.2d at 690. We may sustain the issue only if the contrary proposition is conclusively established. *Croucher v. Croucher,* 660 S.W.2d 55, 58 (Tex. 1983). In reviewing factual sufficiency, we examine all the evidence in the record and reverse only if the finding is so against the great weight and preponderance of the evidence as to be manifestly wrong or unjust. *Carone v. Retamco Operating, Inc.,* 138 S.W.3d 1, 7 (Tex. App.—San Antonio 2004, pet. denied). We review the trial court's conclusions of law *de novo. Marchand,* 83 S.W.3d at 794.

In order to recover damages under section 5.079 of the Texas Property Code, the Zunigas were required to prove they fulfilled the terms of the contract for deed, and Velasquez failed to convey title within 30 days after receiving the final payment. *See* TEX. PROP. CODE ANN. § 5.079(a). Although the Zunigas believed the final payoff amount to be correct at the time it was paid, they now concede they owe Velasquez for amounts that were not paid under the contract for deed. In fact, the evidence at trial conclusively established that the Zunigas failed to pay off the contract for deed. First, Velasquez testified that most of the 101 installment payments she received were in the amount of $375.00, as opposed to $375.20 as required by the contract for deed, and therefore most of the monthly installment payments made by the Zunigas were short by twenty cents. The Zunigas did not dispute making most payments in the amount of $375.00.[1] Second, the evidence showed, and the Zunigas concede, that they did not pay the late fee for the October 2004 installment payment. Third,

---

[1] The Zunigas, however, contend that even though each monthly installment was short $0.20, the fact that Velasquez accepted each payment for $375.00 should waive any further claim to the additional $0.20 owed for each installment. The Zunigas do not cite any authority for this position, and the contract for deed undisputedly required payments in the amount of $375.20.

the evidence was uncontroverted that the Zunigas still owed $45 for the 2004 property taxes due to a transposition error. Finally, Velasquez testified that from 1997 to 2001, the Zunigas did not reimburse her for the taxes by the specified deadline, and that the Zunigas further did not pay any of the late fees incurred by the late payments. In response, the Zunigas did not present any evidence to prove they paid the tax reimbursements on time, nor did they refute Velasquez's claim that they failed to pay the interest due on late property tax reimbursement payments.

Despite conceding the twenty cent shortages, the October 2004 late fee, interest on the late tax reimbursement payments, and the $45 that was not paid for the 2004 property taxes, the Zunigas contend any deficiency was more than satisfied by excessive late fees they paid to Velasquez.[2] Specifically, they argue Velasquez routinely demanded a $25 late fee instead of the 5% late fee—equating to $18.75—provided for in the contract for deed. At trial, the Zunigas did present evidence that on August 29, 2003 they made the equivalent of 25 late fee payments for late monthly payments incurred during the time period of 2001 to mid-2003. The Zunigas also testified they made seven other late fee payments prior to 2001, although copies of these checks were not admitted into evidence. Thus, the Zunigas maintain they overpaid Velasquez $200.00, which should offset any amount Velasquez claims was not paid under the contract for deed.[3] We disagree that such an offset, if even owed, triggered a duty to transfer title. The right of offset is an affirmative defense which must be pleaded and proved by the party asserting it. *See Brown v. Am. Transfer & Storage Co.*, 601

---

[2] The Zunigas calculate the total amount at issue as $130.49, which includes interest on all late payments; however, when Velasquez was questioned at trial as to whether that figure reasonably encompassed all amounts due under the contract for deed, she stated that it did not.

[3] The Zunigas also claim they are owed unearned finance charges pursuant to the prepayment clause in the contract for deed; however, they presented no evidence at trial as to a dollar amount they are allegedly owed for early payment.

S.W.2d 931, 936 (Tex. 1980); *Hartnett v. Hampton Inns, Inc.*, 870 S.W.2d 162, 166 (Tex. App.—San Antonio 1993, writ denied). Generally, an affirmative defense must be pled in a responsive pleading, or the defense is waived. TEX. R. CIV. P. 94; *Shoemake v. Fogel*, *Ltd.*, 826 S.W.2d 933, 937 (Tex. 1992). Here, the Zunigas did not plead the right of offset. Further, Velasquez was not aware of any "credits" allegedly due to the Zunigas until trial; she testified that in her opinion, the Zunigas agreed to the $25 late fee by paying it each time. Under the contract at issue, the duty to provide the deed was only triggered by the tender of the final correct payment. *See* TEX. PROP. CODE ANN. § 5.079(a). It is undisputed that the Zunigas did not tender the entire amount due under the contract at the time they demanded the deed. In addition to conceding the four amounts owed under the contract, Tomas Zuniga admitted at trial that the amortization schedule he used to calculate the final pay-off amount was inaccurate due to the fact that it did not take into account incorrect payments, interest on late payments, and interest on late property tax payments. Assuming, without deciding, that the Zunigas would be entitled to an offset, their complaint that their failure to make all required payments should be excused by excessive late fees paid to Velasquez was not asserted at the time they demanded title. Because the evidence before the trial court did not establish as a matter of law that all payments due under the contract for deed had been paid prior to the demand for legal title, Velasquez was not obligated to deliver the deed pursuant to section 5.079. *See Salinas v. Beaudrie*, 960 S.W.2d 314, 319 (Tex. App.—Corpus Christi 1997, no pet.) (holding that appellee was under no duty to deliver recorded legal titles to appellants because the final payments under the contract for deed were never tendered) (citing former TEX. PROP. CODE ANN. § 5.102(a) (Vernon 1997)).

Because the Zunigas did not establish as a matter of law that the amounts owed under the contract for deed were fully paid, we hold the evidence is legally sufficient to support the judgment. In addition, the evidence presented does not show that the trial court's findings are clearly wrong or unjust so as to render the evidence factually insufficient. Furthermore, the trial court's conclusions of law were not erroneous as a matter of law.[4] There was sufficient evidence in the record that the Zunigas did not fully pay the amount owed under the contract for deed, and therefore the trial court did not err in denying their claims. Section 5.079 imposes a harsh penalty[5] on a noncomplying seller, and therefore the Zunigas were required to demonstrate that they made all payments as called for under the contract for deed. The Zunigas failed to meet this exacting burden of proof. *See Flores v. Millennium Interests, Ltd.*, 185 S.W.3d 427, 433 (Tex. 2005) (noting that section 5.079 remains "penal in nature" and penal statutes must be strictly construed). Accordingly, we affirm the judgment of the trial court.

Phylis J. Speedlin, Justice

---

[4] The Zunigas challenge the trial court's conclusion of law that because the Zunigas were not harmed by Velasquez's delay in delivering the deed, it would be unjust to penalize Velasquez. Section 5.079 does not include a requirement that the buyers be harmed, and such a requirement would undermine the underlying purpose of the statute. TEX. PROP. CODE ANN. § 5.079 (Vernon 2004). This court has held that a similar provision in the Property Code does not require purchasers to show actual harm, and we believe the same result is applicable to section 5.079. *See Marker v. Garcia,* 185 S.W.3d 21, 28-29 (Tex. App.—San Antonio 2005, no pet.) (noting that section 5.077, requiring seller of property by executory contract to provide buyer with annual accounting statement, does not require a showing of actual harm). But because the trial court rendered the proper judgment, we are not required to reverse based on this error. *See Marchand*, 83 S.W.3d at 794.

[5] Although the Texas Supreme Court has not decided "whether the assessment of 'liquidated damages' in section 5.079 [is] compensatory or penal in nature," the court has noted that the formula for computing damages is severe and that the "underlying character" of the statute is "penal in nature." *Flores v. Millennium Interests, Ltd.*, 185 S.W.3d 427, 432-33 (Tex. 2005).