ACCEPTED
03-14-00812-CV
5173978
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/6/2015 12:53:18 PM
JEFFREY D. KYLE
CLERK

CAUSE NO. 03-14-00812-CV

IN THE COURT OF APPEALS
FOR THE
3RD JUDICIAL DISTRICT OF TEXAS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/6/2015 12:53:18 PM
JEFFREY D. KYLE
Clerk

---

BOBBIE WHITE,
Appellant,
VS.
JOSEFINO BENCOMO III,
Appellee

---

**APPELLEE'S BRIEF**
**ORAL HEARING NOT REQUESTED**

From the District Court, 26th Judicial District of Williamson County, Texas
Trial Court Cause No. 14-0374-C26; the Honorable Donna King, Judge

---

Respectfully submitted,

FRED E. WALKER, P.C.
/s/Fred E. Walker
Fred E. Walker
Texas Bar No. 20700400
609 Castle Ridge Road, Suite 220
Austin, TX 78746
Tel. (512) 330-9977
Fax. (512) 330-1686
Fred@FredWalkerLaw.com
Attorney for Appellee

# Table of Contents

I.   Statement of the Case...................................................................................5

II.  Issues Presented........................................................................................7

III.  Summary of the Argument.......................................................................7

IV.  Argument ................................................................................................8

  A.  A deed retaining a vendor's lien is executory only in the sense that bare legal title remains in the seller to be automatically vested in the buyer upon payment of the purchase money. ...............................................8

  B.  The Deed of Trust did not cure the transaction of being executory. ...23

  C.  Appellee's interpretation of subchapter D does not undermine its intended purpose. ...................................................................................23

V.  Prayer ....................................................................................................24

# Index of Authorities

**Cases**

*Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301 (Tex.1990) ........................12

*Brown v. De La Cruz*, 156 S.W.3d 560, 566 (Tex.2004)........................................15

*Carroll v. Wied*, 572 S.W.2d 93, 95 (Tex.Civ.App.-Corpus Christi 1978, no
    writ) ........................................................................................................18

*Flores v. Millennium Interests, Ltd.*, 185 S.W.3d 427, 429 (Tex.2005)................16

*Flowers v. Zuniga*, No. 11–06–00144–CV, 2008 WL 1723225, at *1, 2008
    Tex.App. LEXIS 2664, at *2 (Tex.App.-Eastland Apr. 10, 2008, no pet.)
    (mem. op.)................................................................................................15

*Gaona v. Gonzales*, 997 S.W.2d 784, 786–87 (Tex.App.-Austin 1999, no pet.)18

*Graves v. Diehl*, 958 S.W.2d 468, 470 (Tex.App.-Houston [14th Dist.] 1997, no
    pet.) .........................................................................................................17

*Henderson v. Love*, 181 S.W.3d 810, 812 (Tex.App.-Texarkana 2005, no pet.)16

*Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 85 (Tex.2006) ..........................11

*Marker v. Garcia*, 185 S.W.3d 21, 26–27 (Tex.App.-San Antonio 2005, no pet.)
    .................................................................................................................19

*Nguyen v. Yovan*, 317 S.W.3d 261, 270 (Tex.App.-Houston [1st Dist.] 2009,
    pet. denied)..............................................................................................15

*Reeder v. Curry*, 294 S.W.3d 851, 856 (Tex.App.-Dallas, 2009 pet. denied) ...17

*Sanchez v. Brandt*, 567 S.W.2d 254, 259 (Tex.Civ.App.-Corpus Christi 1978,
    no writ)....................................................................................................19

*Shook v. Walden*, 304 S.W.3d 910, 917 (Tex.App.-Austin 2010, no pet.) .........12

*Shook v. Walden*, 368 S.W.3d 604, 623 (Tex. App. 2012), reh'g overruled (May
    9, 2012), review denied (Oct. 26, 2012) ...........................................14

*Shook v. Walden*, 368 S.W.3d 604, 627 (Tex. App. 2012), reh'g overruled (May
    9, 2012), review denied (Oct. 26, 2012) ...........................................10

State v. Shumake, 199 S.W.3d 279, 284 (Tex.2006) ...........................................11

*Ward v. Malone,* 115 S.W.3d 267, 270–71 (Tex.App.-Corpus Christi 2003, pet. denied) ................................................................................................17

*Zapata v. Torres*, 464 S.W.2d 926, 928 (Tex. Civ. App. 1971) ...........................8

*Zuniga v. Velasquez,* 274 S.W.3d 770, 771 (Tex.App.-San Antonio 2008, no pet.)................................................................................................15

**Statutes**

Tex. Prop. Code § 5.066....................................................................................4

Tex. Prop. Code § 5.077....................................................................................4

Tex. Prop. Code Ann. § 5.079(a) .......................................................................14

Texas Property Code Chapter 5, Subchapter D .......................................passim

**Other Authorities**

Highlights of Some Recent Texas Laws Related to Executory Contracts for Deeds.....................................................................................................23

## I. Statement of the Case

Appellee foreclosed on Appellant's home and filed a forceable entry and detainer suit seeking to evict Appellant from the property. Appellant brought this action to quiet title on April 15, 2014 asking the court to set aside Appellee's foreclosure of the property on the flawed theory that Appellee failed to comply with Tex. Prop. Code § 5.066 Appellant further sought statutory damages arising from Appellee's failure to provide Appellant with annual accounting statements in accordance with Tex. Prop. Code § 5.077.

Appellant's claims are based upon her erroneous theory that Appellee's sale of the property is an executory contract governed by Texas Property Code Chapter 5, Subchapter D because the warranty deed conveying title to Appellant's property contains a reservation of a vendor's lien to secure payment of the promissory note given in partial consideration for the purchase of the property.

Appellant obtained an ex-parte Temporary Restraining Order on April 16, 2015 - without providing notice to Appellee's attorney - despite

the fact that Appellant's attorney and Appellee's attorney had been attempting to negotiate a settlement for several months before the TRO was filed. The court held a hearing on Appellant's request for a Temporary Restraining Order on April 25, 2014. The parties agreed to submit the matter to the court by filing cross motions for summary judgment. Appellee further agreed to, and subsequently did, rescind the foreclosure to allow Appellant another opportunity to cure the arrearage and reinstate the note.

Appellee filed his motion for summary judgment on June 17, 2014. Appellant filed her motion for summary judgment on June 18, 2014. The court held a hearing on the competing motions for summary judgment on August 12, 201 and entered a docket entry on August 15, 2014 ruling in favor of Appellee. Appellant filed a motion to reconsider on September 15, 2014. The court signed a Summary Judgment Order on September 25, 2014. The court denied Appellant's motion to reconsider on December 2, 2014. Appellant filed her notice of appeal on December 22, 2014.

## II.    Issues Presented

Is a deed retaining a vendor's lien to secure a purchase money loan executory as between the vendor and vendee such that the transaction is within the meaning of "executory contract" as contemplated by Texas Property Code Chapter 5, Subchapter D?

Does the holder of a real estate note secured with a vendor's lien and a deed of trust lien have an obligation to comply with the provisions of Texas Property Code Chapter 5, Subchapter D?

## III.    Summary of the Argument

A deed retaining a vendor's lien to secure purchase money is executory as between the vendor and vendee only in the sense that the naked legal title remains in vendor to be automatically vested in vendee upon payment of the purchase money, and in all other respects the deed is not executory but is an executed contract. *Humphreys-Mexia Co. v. Gammon*, 113 Tex. 247, 254 S.W. 296 (1923)

Texas Property Code Chapter 5, Subchapter D is applicable only to contracts for deed and does not apply to traditional real property financing transactions involving the use of real estate lien notes secured with vendor's liens and deed of trust liens. See *Flores v. Millennium Interests, Ltd.*, 185 S.W.3d 427, 439 (Tex. 2005).

## IV.    Argument

### A. A deed retaining a vendor's lien is executory only in the sense that bare legal title remains in the seller to be automatically vested in the buyer upon payment of the purchase money.

Appellant argues that a seller's retention of a vendor's lien in a warranty deed results in the conveyance being an executory contract for conveyance of real property subject to Subchapter D of the Texas Property Code. This position is not supported by legislative history or case law and would lead to absurd results.

A deed retaining a vendor's lien to secure purchase money is executory as between the vendor and vendee only in the sense that the naked legal title remains in vendor to be automatically vested in vendee

upon payment of the purchase money, and in all other respects the deed is not executory but is an executed contract. *Humphreys-Mexia Co. v. Gammon*, 113 Tex. 247, 254 S.W. 296 (1923)

It has long been established by Texas decisions that where a vendor reserves in his deed an express vendor's lien to secure unpaid purchase money, the contract is executory for some purposes, and superior title remains in the vendor until the purchase money is paid. On the purchaser's default, the vendor has his choice of a variety of remedies. He may sue for his money and to foreclose the lien, or he may rescind the contract and resume possession, or he may recover title and possession in a suit brought for that purpose. *Zapata v. Torres*, 464 S.W.2d 926, 928 (Tex. Civ. App. 1971).

The Texas Supreme Court in *Humphreys-Mexia Co.* at page 300 writes: "The opinions of this court have uniformly referred to deeds of the character here involved as executory contracts in which the legal title to the land conveyed remains in the vendor until the purchase-money notes are paid. The *Humphreys-Mexa* court wrote: ".... while the deed here involved is an executory contract as between the vendor and vendee, and those in

privity with them, it is so only in the sense that the naked legal title remains in the vendor, to be automatically vested in the vendee upon payment of the purchase money, and that in all other respects, between such parties, and in all respects in so far as strangers to the transaction are concerned, the deed is not executory, but is an executed contract. *Carey v. Starr*, 93 Tex. 508, 515, 56 S. W. 324; *Stitzle v. Evans*, 74 Tex. 596, 12 S. W. 326; *Ogburn v. Whitlow*, 80 Tex. 239, 15 S. W. 807; *Brown v. Montgomery*, 89 Tex. 250, 253, 34 S. W. 443; *Chase v. Swayne*, 88 Tex. 218, 224, 30 S. W. 1049, 53 Am. St. Rep. 742; *Texas Pacific Coal & Oil Co. v. Fox* (Tex. Civ. App.) 228 S. W. 1021, 1024; *Rooney v. Porch* (Tex. Com. App.) 239 S. W. 910; *Dealey v. Lake*, 62 Tex. Civ. App. 429, 131 S. W. 441, 442; *Frantz v. Masterson* (Tex. Civ. App.) 133 S. W. 740, 742; *Blewitt v. Greene*, 57 Tex. Civ. App. 588, 122 S. W. 914, 916; *Smith v. Jarvis* (Tex. Civ. App.) 24 S. W. 854, 855."

Appellant argues that the reservation by the defendant of a vendor's lien retaining superior title in her deed renders the deed an executory contract; and that therefore the entirety of Texas Property Code Chapter 5, Subchapter D applies to the Appellant's transaction with the defendant.

She cites *Shook v. Walden*, 368 S.W.3d 604, 627 (Tex. App. 2012), reh'g

overruled (May 9, 2012), review denied (Oct. 26, 2012) as authority for her

proposition. But Appellant's position is not supported by the plain

language of the statute, the legislative history, or case law.

*Shook* held that a contract for the sale of real property to be used in

the building of a residence was not an "executory contract" within the

meaning of Texas Property Code Chapter 5, Subchapter D. The court held

the land contract at issue was not a contract for deed, but rather was a

conventional contract for the sale of realty.

In so holding, the court in *Shook* said: "While acknowledging that a

contract for deed is one kind of "executory contract" under subchapter D,

the Waldens insist that it is not the only kind. Some of our sister courts

have stated or suggested as much. *See Yarto v. Gilliland*, 287 S.W.3d 83, 90 n.

10 (Tex.App.-Corpus Christi 2009, no pet.) (noting that executory contracts

contemplate "that the purchaser complete performance in the future" and

that a contract for deed "is a type of executory contract"); *Reeder*, 294

S.W.3d at 856 ("In an executory contract for the sale of land, such as the

contract for deed in this case....”). However, no court to date has interpreted or applied “executory contract” under subchapter D as broadly as the Waldens urge here. Instead, the decisions are consistent with a recognition of what is apparent in the structure and wording of subchapter D – that the “executory contract” contemplated by the Legislature, whether or not extending beyond contracts for deed, contemplates that a purchaser satisfy a series of obligations over an extended period of time before the seller has an obligation to transfer title.”

Resolution of this issue is a question of law that turns purely on statutory construction. When construing a statute, the court's primary objective is to give effect to the Legislature's intent. *See State v. Shumake*, 199 S.W.3d 279, 284 (Tex.2006). The court seeks that intent “first and foremost” in the statutory text. *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 85 (Tex.2006). “Where text is clear, text is determinative of that intent.” *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex.2009) (op. on reh'g) (citing *Shumake*, 199 S.W.3d at 284; *Alex Sheshunoff Mgmt. Servs. L.P. v. Johnson*, 209 S.W.3d 644, 651–52 (Tex.2006)). The court should consider

the words in context, not in isolation. *State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex.2002). The court relies on the plain meaning of the text, unless a different meaning is supplied by legislative definition or is apparent from context, or unless such a construction leads to absurd results. *See City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex.2008) (citing *Texas Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex.2004)); *see also* Tex. Gov't Code Ann. § 311.011 (West 2005) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage," but "[w]ords and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."). The court also presumes that the Legislature was aware of the background law and acted with reference to it. *See Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301 (Tex.1990). The court further presumes that the Legislature selected statutory words, phrases, and expressions deliberately and purposefully. *See DeQueen*, 325 S.W.3d at 635; *Shook v. Walden*, 304 S.W.3d 910, 917 (Tex.App.-Austin 2010, no pet.).

The pivotal question governing Appellant's entitlement to relief, as she acknowledges, is whether the deed is an "executory contract" within the meaning of Chapter 5, Subchapter D of the Texas Property Code.

Subchapter D does not explicitly define "executory contract." Appellant argues that the term "executory contract" under subchapter D applies to transactions involving the use of real estate lien notes secured by vendors' liens retained in deeds because the seller's reservation of a vendor's lien retaining superior title in his deed renders the contract executory.

But Appellant's proposed interpretation of the term "executory contract" leads to absurd results and is contrary to the context which is apparent in subchapter D. Appellant states in the last line of page 5, paragraph 4.4 of her motion for summary judgment: "Therefore, the entirety of subchapter D applies to their transaction." If Appellant's contention is true, the purchaser can cancel the purchase within 14 days of the transaction and the holder of a real estate lien note secured with a vendor's lien would not be required to conduct a non-judicial foreclosure

of the property. He could simply send the notice under Tex. Prop. Code Ann. § 5.063 and the transaction would be canceled. This absurd argument is the basis for this frivolous appeal.

Tex. Prop. Code Ann. § 5.079(a) requires a "seller" of property to "transfer recorded, legal title of the property covered by [an] executory contract to the purchaser not later than the 30th day after the date the seller receives the purchaser's final payment due under the contract." A seller who violates this requirement is liable to the purchaser for liquidated damages in the amount of $250 per day for each day the seller fails to transfer title between thirty-one and ninety days after the seller receives the purchaser's final payment, and $500 per day thereafter. *See id.* § 5.079(b). *Shook v. Walden*, 368 S.W.3d 604, 623 (Tex. App. 2012), reh'g overruled (May 9, 2012), review denied (Oct. 26, 2012) Since Appellee transferred legal title to Appellant at closing it is absurd to argue that Section 5.079 of the Property Code applies to this transaction.

Further, § 5.062(c) provides: "This subchapter does not apply to an executory contract that provides for the delivery of a deed from the seller

to the purchaser within 180 days of the date of the final execution of the executory contract." Since Appellee delivered the deed to Appellant at closing, and since that date was zero days from closing, by definition this transaction is excluded from Texas Property Code Chapter 5 subchapter D.

Texas courts, including the Texas Supreme Court, have frequently equated "executory contract" as used in subchapter D with a contract for deed. *See, e.g., Flores,* 185 S.W.3d at 429 (equating the two); *Brown v. De La Cruz,* 156 S.W.3d 560, 566 (Tex.2004) ("Since 1995, the Texas Property Code has required that sellers by executory contract (or 'contract for deed') of certain residential property in Texas must record and transfer a deed within thirty days of final payment."); *Nguyen v. Yovan,* 317 S.W.3d 261, 270 (Tex.App.-Houston [1st Dist.] 2009, pet. denied) (treating "executory contract" under subchapter D as synonymous with "contract for deed"); *Zuniga v. Velasquez,* 274 S.W.3d 770, 771 (Tex.App.-San Antonio 2008, no pet.) (same); *Flowers v. Zuniga,* No. 11–06–00144–CV, 2008 WL 1723225, at *1, 2008 Tex.App. LEXIS 2664, at *2 (Tex.App.-Eastland Apr. 10, 2008, no pet.) (mem. op.) (same); *Sharp v. Smith,* No. 12–07–00219–CV, 2008 WL

257237, at *1, 2008 Tex.App. LEXIS 666, at *1 (Tex.App.-Tyler Jan. 31, 2008, no pet.) (mem. op.) (same); *Henderson v. Love,* 181 S.W.3d 810, 812 (Tex.App.-Texarkana 2005, no pet.) (same); *Kirk v. Barnett,* 566 S.W.2d 122, 122 (Tex.Civ.App.-Houston [14th Dist.] 1978, no writ) (equating executory contracts for conveyance with contracts for deed under the predecessor to subchapter D); *see also Graves,* 958 S.W.2d at 472 (equating executory contracts for the sale of land to contracts for deed in a suit not under subchapter D or its predecessor).

Considering the context in which the term "executory contract" is used in Subchapter D it is apparent that the Legislature intended it to have a technical meaning basically synonymous with a contract for deed. A contract for deed is a form of real property conveyance in which the purchaser obtains an immediate right to possession but the seller retains legal title and has no obligation to transfer it unless and until the purchaser finishes paying the full purchase price (and, often, interest, fees, or other related obligations), which is typically done in installments over several years. *See Flores v. Millennium Interests, Ltd.,* 185 S.W.3d 427, 429 (Tex.2005)

("... executory contracts [are] also known as contracts for deed. A contract for deed, unlike a mortgage, allows the seller to retain title to the property until the purchaser has paid for the property in full."); *Reeder v. Curry,* 294 S.W.3d 851, 856 (Tex.App.-Dallas, 2009 pet. denied) ("[i]n an executory contract for the sale of land, such as the contract for deed in this case, the superior title remains with the seller until the purchaser fulfills its part of the contract" and "[i]f the purchaser defaults under the contract, the seller is entitled to possession of the property"); *Ward v. Malone,* 115 S.W.3d 267, 270–71 (Tex.App.-Corpus Christi 2003, pet. denied) (stating that a "contract for deed is an agreement by a seller to deliver a deed to property once certain conditions have been met" and that it entitled the buyer to immediate possession, that the seller retains title until the purchase price is fully paid, and that the price is typically paid in installments over several years); *Graves v. Diehl,* 958 S.W.2d 468, 470 (Tex.App.-Houston [14th Dist.] 1997, no pet.) (same). A contract for deed differs from a conventional contract for sale of realty, in which the seller and purchaser mutually agree to complete payment and title transfer on a date certain (the "closing

date"). *See Flores*, 185 S.W.3d at 429 (comparing a contract for deed with a mortgage); *id.* at 435 (Wainwright, J., concurring) ("in [contracts for deed], legal title to the property does not transfer until after all purchase payments have been made, unlike a traditional mortgage in which legal title transfers upon closing the transaction"). Unlike a contract for deed, under which the buyer has an equitable right, but no obligation, to complete the purchase, *Gaona v. Gonzales*, 997 S.W.2d 784, 786–87 (Tex.App.-Austin 1999, no pet.), the buyer under a typical real estate contract is contractually obligated to complete the purchase and may be liable for breach upon failure to pay the seller, *Carroll v. Wied*, 572 S.W.2d 93, 95 (Tex.Civ.App.-Corpus Christi 1978, no writ) ("In a contract of sale, one party is obligated to sell and the other to purchase."). In effect, a contract for deed serves to provide persons unable to obtain conventional mortgage financing an alternative means of purchasing real property. *See Flores*, 185 S.W.3d at 434–35 (Wainwright, J., concurring) (explaining that residents building homes in the colonias "need this method of financing because they do not have access to traditional mortgage financing"); *Marker*

*v. Garcia*, 185 S.W.3d 21, 26–27 (Tex.App.-San Antonio 2005, no pet.) (noting that enactment of parts of subchapter D responded to a problem with substandard housing developments whose residents did not have access to traditional financing); *Sanchez v. Brandt*, 567 S.W.2d 254, 259 (Tex.Civ.App.-Corpus Christi 1978, no writ) (observing, with reference to contracts for deed, "[i]t is a matter of common knowledge ... that many poor people are unable to obtain conventional financing when they wish to purchase residential property. Frequently it is necessary for them to pay out the entire purchase price of a tract of land prior to procuring title....").

Subchapter D contains several consumer-protection provisions that have application to contracts for deed but not to transactions involving conveyances of property in which the seller executes a warranty deed reserving a vendor's lien. These include:

1.  Section 5.064, which forbids a "seller" from enforcing the remedies of rescission or of "forfeiture and acceleration" unless and until the seller first gives notice of its intent to enforce the remedies and of the purchaser's right to cure under section 5.065. *See id.* § 5.064. Section

5.063, in turn, prescribes the content of the notice under section 5.064. In part, the notice must advise the purchaser that "YOU ARE NOT COMPLYING WITH THE TERMS OF THE CONTRACT TO BUY YOUR PROPERTY," identify the default, and that unless the purchaser cured the default within a time specified in the notice, that "THE SELLER HAS THE RIGHT TO TAKE POSSESSION." *See id.* § 5.063.

2. Section 5.066, which requires that if the purchaser defaults after paying "40 percent or more of the amount due or the equivalent of 48 monthly payments under the executory contract," the seller cannot enforce the remedies of rescission or of forfeiture, but may have the property sold at public auction following notice and 60 days to cure. *See id.* § 5.063.

3. Section 5.074, which authorizes the purchaser to "cancel and rescind an executory contract for any reason … not later than the 14th day after the date of the contract." *See id.* § 5.074.

4. Section 5.077, which requires the seller to provide the purchaser, "in January of each year for the term of the executory contract," a statement setting forth "the amount paid under the contract," "the

remaining amount owed under the contract," "the number of payments remaining under the contract," and certain information relating to tax and insurance payments on the property. *See id.* § 5.077.

The Appellant's reasoning would imply that every deed reserving a vendor's lien in favor of the seller (which are typically assigned to a lender) would be an "executory contract" subject to subchapter D. This would lead to results that the Legislature could not possibly have intended because it would render the limiting phrase "executory contract" superfluous and impose on such contracts numerous provisions that simply do not fit those type of conveyances.

Although a contract for deed is only one kind of "executory contract" no court to date has interpreted or applied "executory contract" under subchapter D as broadly as the Appellant urges here. Instead, the decisions are consistent with a recognition of what is apparent in the structure and wording of subchapter D – that the "executory contract" contemplated by the Legislature, whether or not extending beyond contracts for deed, contemplates that a purchaser satisfy a series of obligations over an

extended period of time before the seller has an obligation to transfer title. The transaction between the Appellant and the defendant in this case is not this sort of contract.

**B. The Deed of Trust did not cure the transaction of being executory.**

The fact that the parties included a deed of trust in the transaction does not have any effect on whether the deed is an "executory contract" governed by Texas Property Code, Chapter 5, Subchapter D.

**C. Appellee's interpretation of subchapter D does not undermine its intended purpose.**

Texas Property Code, Chapter 5, Subchapter D was intended to provide protections to people buying land under contracts for deed; not people involved in traditional owner financing of property through the use of real estate lien notes secured by vendor's liens retained in deeds and by deed of trust liens.

The Texas Attorney General explains the law in his website under the heading **Highlights of Some Recent Texas Laws Related to Executory Contracts for Deeds** as follows: ***"In 2001 the Texas Legislature expanded***

*protections for persons buying land under executory contracts (typically called contracts for deeds). The major change was to make applicable statewide amended versions of provisions that had applied only in certain economically distressed counties. The revised provisions are in Texas Property Code, Chapter 5, Subchapter D ("Prop, Code").*

**A.   The Trial Court Ordered Relief Not Requested in Appellant's Motion.**

Appellee does not object to Appellant's request for this court to reverse and vacate that portion of the trial court's order declaring the Notice of Lis Pendens filed by Appellant during the pendency of this action to be void and of no effect.  Appellee offered to eliminate this portion of the judgment before it was entered by the trial court but Appellant refused, apparently desiring to justify some basis for this otherwise frivolous appeal.

## V.   Prayer

**WHEREFORE,** Appellee prays this Court reverse and vacate that portion of the summary judgment that ordered that the Notice of Lis

Pendens that Appellant filed during the pendency of this action is void and of no effect and sustain the remainder of the trial court's grant of summary judgment; and order such other and further relief to which Appellee may be justly entitled.

Respectfully submitted,

FRED E. WALKER, P.C.

/s/Fred E. Walker
Fred E. Walker
Texas Bar No. 20700400
609 Castle Ridge Road, Suite 220
Austin, TX 78746
Tel. (512) 330-9977
Fax. (512) 330-1686
Attorney for Defendant
Josefino Bencomo III

## CERTIFICATE OF COMPLIANCE

I hereby certify that there are 4,449 words in this Appellee's Brief excluding those words exempted by T.R.A.P. 9.4.(i)(1).

/s/Fred E. Walker
Fred E. Walker

## CERTIFICATE OF SERVICE

I certify that on May 6, 2015 a true and correct copy of Appellee's Reply Brief was served by fax on Tony A. Pitts, Attorney for Appellant Bobbie White, at (512) 244-4355 and by email to tapitts@taplawfrim.com.

/s/Fred E. Walker
Fred E. Walker