

# NUMBER 13-13-00242-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MARIA GARCES,                                                          Appellant,

v.

RAMONA HERNANDEZ,                                                      Appellee.

### On appeal from the 139th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes**
**Memorandum Opinion by Justice Rodriguez**

Appellant Maria Garces purchased real property from appellee Ramona Hernandez through a contract for deed. Garces sued Hernandez alleging breach of contract, DTPA violations, and violations of the property code. Garces moved for

summary judgment on a "suit to quiet title" and on the property code claims, for which Garces contended she was entitled to several hundred-thousand dollars in statutory liquidated damages, attorney's fees, and title to the house.[1] Hernandez did not file a counterclaim seeking affirmative relief or a cross-motion for summary judgment. The trial court entered an order purporting to grant Garces's motion for summary judgment, but the order granted relief to Hernandez in large part: the trial court entered final judgment denying and disposing of Garces's property code claims as well as her other outstanding claims, converting the contract for deed into a deed of trust, and ordering Garces to pay a $10,686.78 delinquent tax loan on the property and a $6,732.08 vendor's lien on the property. *See* TEX. PROP. CODE ANN. §§ 5.077, 5.079, 5.081 (West, Westlaw through 2015 R.S.).

By her first issue, Garces contends that the trial court erred in denying her liquidated damages and attorney's fees. By her second issue, Garces contends that the trial court erred in granting relief in excess of that requested in the motion for summary judgment—chiefly, assessing Garces with $17,418.86 of liability and finally dismissing all of Garces's outstanding claims, even though Hernandez did not file a counterclaim or her own motion for summary judgment seeking such relief. By her third issue, Garces suggests that we should render the requested relief. We reverse and remand.

---

[1] Garces contends that because the property code claims entitled her to liquidated damages that far exceeded the remaining balance on the house, the trial court should have granted her full title to the property free of any liens, rather than simply granting her a deed of trust and warranty deed paired with an outstanding vendor's lien. This claim for title is dependent upon Garces's claim for statutory liquidated damages, and for ease of reference, we refer to this claim as if included in the terms "statutory liquidated damages" and "liquidated damages."

# I. BACKGROUND

It is undisputed that on August 6, 1998, Garces entered into a contract for deed with Hernandez to purchase a two and one-half acre tract of land and all improvements, which included a small house.[2]   The property is located in Hidalgo County, Texas.   The contract for deed reflected a total purchase price of $20,000, a 5% interest rate, a down payment of $500, and monthly payments of $151.   Garces paid Hernandez the required monthly payments until October 2009.

The parties dispute the reason for the breakdown in their relationship and submitted competing affidavits on this point.   Hernandez's affidavit set out the following: she discovered that Garces had not paid taxes on the property, which were in arrears by over $12,000; Hernandez was forced to take out a loan and grant a lien to prevent foreclosure; she also discovered Garces was not living at the house, but was instead renting the property to several men who were "destroying the house"; and after October 2009, Garces simply stopped making payments.   For her part, Garces's affidavit averred as follows:   after purchasing the property, Garces "moved in and used the property as [her] home"; in July 2009, she attempted to take a loan to pay for the delinquent taxes, but her attempt was fruitless because she did not have collateral; and starting in October 2009, Hernandez refused the payments which Garces tendered.[3]

---

[2] The contract for deed also identified Noe Lazo, Maria Garces's boyfriend at that time, as a purchaser.   Martin Castillo, Ramona Hernandez's son, was identified as an additional seller.   It is undisputed, however, that neither Lazo nor Castillo retained an interest in the property at the time Garces filed this suit, and neither was a party to the suit.

[3] As part of her summary judgment evidence, Garces included several checks which purported to show her attempts to pay Hernandez.

3

By a letter dated November 13, 2009, Garces requested that Hernandez convert the contract for deed into a deed of trust and warranty deed. *See id.* § 5.081. Garces also asked Hernandez to provide certain information to help facilitate the conversion, including the amount owed under the contract and Hernandez's choice of trustee for the converted deed of trust.[4] *See id.* When no response was forthcoming, on December 3 Garces again requested the conversion. In this letter, Garces stated that pursuant to her rights under property code section 5.082, she had unilaterally determined the amount owed as $6,732.08 and had selected her own trustee. *See id.* § 5.082 (West, Westlaw through 2015 R.S.). On December 28, 2009, Garces sent a letter repeating the conversion request and also delivered a promissory note in the amount of $6,732.08 to Hernandez. *See id.* § 5.081.

On October 7, 2011, Garces filed suit against Hernandez, alleging DTPA violations, breach of contract, and most relevant here, violations of various sections of the property code. Garces alleged that Hernandez violated section 5.077 of the property code by failing to provide an annual statement in January of each year. *See id.* § 5.077. She alleged Hernandez also violated sections 5.081 and 5.082 by failing to respond to Garces's requests for conversion and for related information. *See id.* §§ 5.081–.082. Garces prayed for liquidated damages and attorney's fees under the property code, for the release of any liens encumbering the property, and for specific performance: converting the contract for deed into a deed of trust and warranty deed. In the

---

[4] Garces contends that on November 24, 2009, Hernandez filed a forcible detainer action seeking to evict Garces from the property. Garces alleges that this suit was dismissed. No evidence of any eviction proceedings was made part of the summary judgment record.

4

alternative, Garces sought rescission of the contract for deed and reimbursement of her expenses thereunder. *See id.* § 5.085 (West, Westlaw through 2015 R.S.). Hernandez filed a general denial.

On July 31, 2012, Garces filed a traditional motion for summary judgment seeking statutory liquidated damages, attorney's fees for her property code claims, and a summary disposition of what she called her "suit to quiet title." However, Garces's petition made no mention of a suit to quiet title. In response, Hernandez argued that Garces had not demonstrated a key precondition for the property code claims: that the property was "used or to be used as the purchaser's residence or as the residence of a person related to the purchaser within the second degree by consanguinity or affinity." *See id.* § 5.062 (West, Westlaw through 2015 R.S.).

The trial court granted summary judgment. The court ordered that the contract for deed between Garces and Hernandez "shall be converted into a Deed of Trust with a Warranty Deed and Vendors Lien . . . [in the] amount of $6,732.08." The court ordered Garces to pay the $10,686.78 balance on the loan which Hernandez had secured in order to pay for delinquent property taxes. The trial court also implicitly rejected Garces's claim for liquidated damages and attorney's fees for alleged property code violations. Finally, the court stated that the judgment "finally disposes of all parties and claims adjudicated and is appealable." This appeal followed.

5

## II. STANDARD OF REVIEW

We review summary judgments de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A party moving for traditional summary judgment has the burden to prove that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co.*, 164 S.W.3d at 661.

"[A] motion for summary judgment must itself expressly present the grounds upon which it is made." *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993). Granting a summary judgment on a claim not addressed in the summary judgment motion therefore is, as a general rule, reversible error. *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011). When a trial court grants more relief than requested and, therefore, makes an otherwise partial summary judgment final, that judgment, although erroneous, is final and appealable.[5] *Id.* at 298. The court of appeals should treat such a summary judgment as any other final judgment, considering all matters raised and reversing only portions of the judgment based on harmful error. *Id.*

---

[5] Here, the trial court made the judgment final by stating with unmistakable clarity that it is a final judgment as to all claims and parties, that the judgment was final, and that the judgment was appealable. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001). Although this conclusion was erroneous, it nonetheless rendered the court's partial summary judgment final and appealable. *See G & H Towing Co. v. Magee*, 347 S.W.3d 293, 298 (Tex. 2011).

### III. STATUTORY LIQUIDATED DAMAGES

By her first issue, Garces contends that the trial court erred in denying statutory liquidated damages and attorney's fees for her property code claims. At the summary judgment hearing, Garces argued that she was entitled to over $400,000 in liquidated damages. On appeal, she asserts that figure has grown to $550,000, accruing at rates up to $500 per day. By comparison, the amount which Garces had originally agreed to pay Hernandez for the property was $20,000, to be paid in monthly installments of $151. In response, Hernandez contends that Garces failed to establish a precondition for the property code claims: that the property was used or to be used as the residence of Garces or her relative. *See* TEX. PROP. CODE ANN. § 5.062(a).

Chapter 5, subchapter D of the Texas Property Code imposes various conditions and requirements on sellers entering into certain contracts for deed. *Morton v. Nguyen*, 412 S.W.3d 506, 507 (Tex. 2013). Garces filed suit claiming that Hernandez violated two requirements in particular. First, the subchapter gives buyers a means to seek conversion of a contract for deed into two documents—a deed of trust and a warranty deed—and requires the seller to take certain steps to facilitate the conversion. *See* TEX. PROP. CODE ANN. § 5.081. The buyer initiates the process by delivering to the seller a promissory note that complies with the statute. *Id.* Within ten days of receiving the note, the seller must either arrange a time to complete a deed of trust and warranty deed or give a legally valid explanation for noncompliance. *Id.* Second, the subchapter requires any qualifying seller to provide the purchaser with an annual statement each year during the term of the executory contract. *See id.* § 5.077. A seller who fails to

7

comply with either requirement is liable to the purchaser for attorney's fees and for "liquidated damages" which accrue at varying rates depending on the type of violation, timing of violation, and the transaction volume of the seller.[6]  *See id.* §§ 5.077, .079, .081.

Subchapter D's requirements only apply, however, where the parties enter an (a) executory contract (b) for conveyance of real property (c) used or to be used as the purchaser's residence or as the residence of a person related to the purchaser within the second degree by consanguinity or affinity.  *Id.* § 5.062(a); *Marker v. Garcia*, 185 S.W.3d 21, 25 (Tex. App.—San Antonio 2005, no pet.).  Hernandez contends that Garces has failed to establish the third precondition for applicability—"used or to be used as the purchaser's residence or as the residence of a person related"—sufficiently for purposes of summary judgment.  *See* TEX. PROP. CODE ANN. § 5.062(a); *see, e.g., Nguyen v. Yovan*, 317 S.W.3d 261, 271 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (discussing residence requirement).

Our construction of this applicability requirement is affected by the nature of the relief sought:  the liquidated damages at issue have been found to be a penalty, and statutes providing for civil penalties are construed strictly against the party seeking the penalty.  *See Morton v. Hung Nguyen*, 369 S.W.3d 659, 667 (Tex. App.—Houston [14th Dist.] 2012) *rev'd on other grounds*, 412 S.W.3d 506 (Tex. 2013); *Zuniga v. Velasquez*,

---

[6] Our sister courts have held that the liquidated damages provided by subchapter D are penal in nature and are thus subject to the limitations on exemplary damages found in Texas Civil Practice and Remedies Code chapter 41.  *See Henderson v. Love*, 181 S.W.3d 810, 816 (Tex. App.—Texarkana 2005, no pet.); *see also Smith v. Davis*, 462 S.W.3d 604, 612 (Tex. App.—Tyler 2015, pet. denied).  The statute's use of the term "liquidated damages" also evokes potential limitations on the amount of any award.  *See FPL Energy, LLC v. TXU Portfolio Mgmt. Co., LP*, 426 S.W.3d 59, 69 (Tex. 2014) (requiring liquidated damages to be a "reasonable forecast of actual damages" before they will be awarded).  It is not necessary to the disposition of this case for us to decide whether either of these limitations apply to subchapter D. *See* TEX. R. APP. P. 47.1, *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993).

274 S.W.3d 770, 775 (Tex. App.—San Antonio 2008, no pet.); *Henderson v. Love*, 181 S.W.3d 810, 817 (Tex. App.—Texarkana 2005, no pet.). Therefore, we construe this applicability requirement strictly for purposes of judging whether Garces is eligible to collect these liquidated damages. *See Zuniga*, 274 S.W.3d at 775. Under this strict construction, the party seeking the liquidated damages must meet an "exacting burden of proof" to demonstrate entitlement to the "harsh penalty" provided by sections 5.077, 5.079, and 5.081. *See id.*

Here, the sole evidence supporting Garces's argument for the applicability of subchapter D was her own interested-party affidavit. *See* TEX. R. CIV. P. 166a(c). The affidavit claimed that Garces used the property as her residence after purchasing it, without otherwise specifying when Garces resided there. This evidence was "effectively countered" by Hernandez's own affidavit, in which she averred that Garces was renting the house to other people. *See Trico Techs. Corp. v. Montiel*, 949 S.W.2d 308, 310 (Tex. 1997); *see also* TEX. R. CIV. P. 166a(c). When faced with a similar situation, the San Antonio Court of Appeals held:

> We note that the credibility of the Garcias is likely to be a dispositive factor in the resolution of the case; therefore, the affidavits would not support a summary judgment in favor of the Garcias because the affidavits would not conclusively establish that the property was to be used as the Garcias's residence.

*Marker v. Garcia*, 185 S.W.3d 21, 30 n.3 (Tex. App.—San Antonio 2005, no pet.). As in *Marker*, we view the evidence in the light most favorable to the nonmovant Hernandez, *see Valence Operating Co.*, 164 S.W.3d at 661, and conclude that Garces failed to satisfy the "exacting burden of proof" which is required to demonstrate entitlement to liquidated

9

damages and attorney's fees under sections 5.077, 5.079, and 5.081. *See* TEX. PROP. CODE ANN. § 5.062(a); *Cantey Hanger*, 467 S.W.3d at 481; *Zuniga*, 274 S.W.3d at 775. We conclude that the trial court properly denied Garces's motion for summary judgment on liquidated damages and attorney's fees. We overrule Garces's first issue.[7]

However, the trial court went beyond a simple denial of summary judgment. Instead, the trial court finally disposed of Garces's property code claims, as though it was granting a summary judgment motion filed by Hernandez. Hernandez filed no such motion. Thus, while the trial court properly denied Garces's motion for summary judgment, we nonetheless conclude that the trial court erred in going beyond the motion and finally disposing of Garces's claim for liquidated damages and attorney's fees, as we discuss in the following section. *See G & H Towing*, 347 S.W.3d at 297.

## IV. FINAL DISPOSITION OF ALL CLAIMS

By her second issue, Garces contends that the trial court erred in granting relief in excess of the summary judgment motion then before the court.

The trial court ordered conversion of the contract for deed into a deed of trust and associated warranty deed. The trial court apparently was granting a specific performance claim which Garces had pleaded in her petition, but which she had not included in her motion for summary judgment. Instead, Garces's motion sought summary judgment on what she referred to as her "suit to quiet title." However, Garces had never pleaded a suit to quiet title. Moreover, her motion did not mention the

---

[7] By her third issue, Garces asks this Court to render judgment awarding her statutory liquidated damages and attorney's fees. Having concluded that Garces failed to demonstrate as a matter of law that she was entitled to such damages and fees, we decline to render an award in Garces's favor. We overrule Garces's third issue.

10

elements of this quiet-title claim or conclusively establish that there was no issue of material fact as to these elements. Therefore, the trial court could only deny summary judgment on a specific performance claim that did not appear in the motion, and the court could only deny summary judgment on a "suit to quiet title" claim that Garces had never pleaded and did not prove.[8] *See G & H Towing*, 347 S.W.3d at 297; *Cantey Hanger*, 467 S.W.3d at 481. Instead, the trial court granted specific performance in favor of Garces by ordering the contract for deed to be converted. This order went beyond the claims presented in the summary judgment motion and was error. *See G & H Towing Co.*, 347 S.W.3d at 297.

Garces also moved for summary judgment on her property code claims. Hernandez had not filed a summary judgment motion seeking a final ruling against Garces's property code claims. Therefore, the only permissible rulings were either a non-final ruling in favor of Hernandez (i.e., denying summary judgment) or a final ruling in favor of Garces (i.e., granting summary judgment in favor of Garces). The trial court instead granted a final judgment in favor of Hernandez, disposing of the property code claims. This order finally denied Garces's claims for liquidated damages and attorney's

---

[8] Nor would a suit to quiet title be the proper vehicle by which to bring this claim. The elements of a suit to quiet title have been said to consist of (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable. *See Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App.—El Paso 2012, pet. denied). Hernandez's claim to the property as seller under a contract for deed—the validity of which is not in question—*is* title, not an "invalid or unenforceable" cloud on title toward which a suit to quiet title is rightly directed. *See id.*; *Shook v. Walden*, 368 S.W.3d 604, 624 (Tex. App.—Austin 2012, pet. denied) ("A contract for deed is a form of real property conveyance in which the purchaser obtains an immediate right to possession but the *seller retains legal title* and has no obligation to transfer it unless and until the purchaser finishes paying the full purchase price . . . ." (emphasis added)); *see also Temple Trust Co. v. Logan*, 82 S.W.2d 1017, 1019 (Tex. Civ. App.—Amarillo 1935, no writ) ("The object of the suit [to quiet title] is not to divest the defendants of rights. It is for the purpose of quieting the plaintiff's title [against] the alleged unconscientious claims and pretensions of the defendants. His purpose is to have those claims judicially declared to be unfounded.").

fees, which was beyond the relief requested by the summary judgment motion. This was error. *See id.* at 298.

The trial court also granted summary judgment against all of Garces's other outstanding claims, none of which were addressed by a summary judgment motion. This order was beyond the claims addressed by the summary judgment motion and was error. *See id.* at 297.

Finally, the trial court granted relief in favor of Hernandez, holding Garces liable for $17,418.86 even though Hernandez had not filed a counterclaim or a motion for summary judgment. This order was beyond the relief requested by the summary judgment motion and was error. *See id.* at 298.

We sustain Garces's second issue.

## V. CONCLUSION

We reverse and remand for further consideration consistent with this opinion.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
19th day of May, 2016.

12